117 So.2d 544 (1960)
Thomas Fred COCHRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 59-171.
District Court of Appeal of Florida. Third District.
February 4, 1960.
Louis Winter, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
HORTON, Chief Judge.
Defendant was found guilty of lewd, lascivious and indecent assault upon a thirteen-year-old girl and sentenced to four years in the state penitentiary. He appeals contending the trial judge erred in three particulars, i.e., (1) by failing to qualify the prosecution's thirteen-year-old witness, especially since the prosecution was allowed to unduly lead the witness; (2) in admitting into evidence the alleged "statement or confession" of appellant without properly inquiring into the circumstances surrounding the giving of such "statement or confession"; and (3) in failing to advise the defendant of his constitutional and statutory rights to refrain from taking the stand and testifying in the trial of this cause especially in view *545 of the fact that defendant was without counsel.
The record in the proceedings fails to demonstrate any merit in the appellant's first contention; therefore we confine our discussion here to the other two contentions.
The record discloses that during the course of the trial, the prosecution offered the testimony of the thirteen-year-old victim, the testimony of the victim's grandparents and the testimony of a police investigator who laid the foundation for the introduction of a written confession taken from the defendant. Although the defendant was not represented by counsel, the record does not indicate a request made by him for counsel, nor has he contended or attempted to show that he should have been afforded counsel because of his age or lack of mental capacity. The officer taking the statement was interrogated as to the circumstances surrounding the giving of the statement by the defendant and the fact that it was given voluntarily without any fear or hope of reward. The defendant interrogated the officer who took the statement but the substance of the interrogation only tended to prove that the statement was voluntarily given.
Where it appears prima facie that a confession is freely and voluntarily made, the burden is upon the defendant to show that it was in fact not a voluntary confession. See Sims v. State, 59 Fla. 38, 52 So. 198; Nickels v. State, 90 Fla. 659, 106 So. 479. The trial judge is charged with the duty of determining the weight of the evidence bearing on the character of the confession and in doing so, may determine the limits of the preliminary examination preceding the introduction of the confession. An appellate court will not usually disturb a decision of the trial judge on the admission of a confession if there is evidence to support its admission. In this instance, there was such evidence. See Davis v. State, 90 Fla. 317, 105 So. 843.
The defendant's final contention is that the trial court committed error when it failed to advise him of his constitutional and statutory right not to take the stand as a witness in his behalf.[1] The events leading up to the defendant's taking the stand and testifying in his own behalf began at the conclusion of the testimony of the victim, when the court advised the defendant, "Mr. Cochran, I want to advise you that it is not your turn to make a statement yet, but you do have the opportunity to ask the girl any questions. Don't try to tell me anything, just ask questions." Again, at the conclusion of the prosecution's case, the court addressed the defendant as follows: "All right, Mr. Cochran, tell me any statement you like now." The record discloses that the accused was not advised of his right or privilege other than the advice apparently given regarding self-incrimination at the time the defendant made the extrajudicial confession. It is urged by the state that there was no error in the court's failure to advise the accused since he freely and voluntarily disclosed his guilt and the protection afforded was a personal one which by his acts he waived. In addition, it is contended that there was no compulsion and that the defendant freely took the stand.
Both the defendant and the state rely to some degree upon statements contained in the case of Ex parte Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133. See also Williams v. State, 156 Fla. 300, 22 So.2d 821. The defendant relies upon that portion of *546 the opinion in Ex parte Senior, supra, where the court said:
"The court should inform the witness of his rights, when the circumstances of the case call for it; * * *" [37 Fla. 1, 19 So. 656.]
The state relies upon the following section of the same opinion:
"* * * [T]he right of privilege against compelling disclosure of incriminatory evidence is personal to the witness, he alone being entitled to invoke its protection, and that it may be waived by him."
The question then presented here is whether or not, under the circumstances of this case, there was a duty upon the trial judge, where the accused was without counsel, to inform the accused of his constitutional right and statutory privilege not to take the stand and testify in his own behalf, and if he does so, absent such knowledge, does such conduct constitute a waiver of the privilege. In People v. Chlebowy, 191 Misc. 768, 78 N.Y.S.2d 596, 599, the court, in commenting directly upon this question, said:
"An additional argument is made by the appellant, which raises a general question as to the proper practice to be followed by the court upon the trial of a criminal case where the defendant is not represented by counsel. As has been mentioned above, the defendant appeared without counsel, although the complainant was represented by counsel. At the conclusion of the People's case, the trial court said to the defendant, `Do you want to take the stand, now?' The defendant responded that he did and thereupon he was sworn and examined by the Court. Although the defendant did not have the advice of counsel, the Court did not caution the defendant that he need not take the stand, that no inference could be drawn against him from his failure to do so and that any testimony that he might give could be used against him.

"Under the circumstances, this was not proper practice. Although the Court's statement to the defendant was put in the form of a question rather than a direction, it had the effect of virtually calling the defendant to the stand, without advising him that he had the right to refuse. The defendant was before the court under the compulsion of an arrest on a criminal charge. The defendant may well have believed that it was his duty to testify in response to the Court's suggestion, or at least, that if he failed to do so, the Court would draw an adverse inference from such failure. The defendant not being represented by counsel, the Court should have advised the defendant of his privilege under the Constitution and of the corrollary principle that the failure of the defendant to take the stand would give rise to no presumption against him. Article I, § 6, N.Y. State Constitution; §§ 10 and 393 of the Code of Criminal Procedure."[2] [Emphasis supplied.]
These sections of the New York State Constitution and Code of Criminal Procedure are substantially the same as those provisions of the Florida Constitution and Statutes with which we are presently concerned.
Likewise, in Killpatrick v. Superior Court, 153 Cal. App.2d 146, 314 P.2d 164, 166, the District Court of Appeal of California, *547 in following the New York case of Chlebowy, said:
"It is fundamental that requiring a defendant in a criminal case to testify violates his constitutional privilege against self-incrimination. * * *
"The privilege cannot be made duly effective unless a defendant in a criminal case who is not represented by counsel is advised by the court of the existence of the privilege whenever such advice appears to be necessary."
The court went on to say:
"It is axiomatic that a person may waive the privilege against self-incrimination. But any such waiver `must be informed and intelligent. There can be no waiver if the defendants do not know their rights.' Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 277, 141 A.L.R. 1318."
The court concluded:
"By requiring petitioners, who were without the aid of counsel, to testify without advising them of their constitutional rights, the court violated their privilege against self-incrimination and petitioners cannot be said to have waived their privilege since such waiver must be `informed and intelligent' in order to be voluntary."
In the instant case, where the record clearly shows that the accused was not informed of his constitutional and statutory privilege not to testify and that his failure to testify could not be used by the state as an inference of guilt, his voluntary action in testifying would not, under the circumstances, constitute a waiver of his privilege. In order to waive a privilege, it must be an act based upon knowledge and intelligent choice. Since the accused was not so advised, nor has it been shown that he was possessed of the knowledge of his privilege, we are forced to the conclusion that his act in testifying was in ignorance of his right not to do so.
In reversing the conviction in this case, we are not called upon nor do we decide whether or not the evidence is sufficient to sustain the adjudication of guilty. On the contrary, we have confined our review to a determination of whether or not the trial was held in accordance with due process and orderly procedure and have determined that it was not.
Accordingly, the judgment of conviction and sentence is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.
NOTES
[1] Declaration of Rights, § 12, Constitution of the State of Florida, F.S.A., says in part: "No person shall be * * * compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law; * * *" Florida Statutes, F.S.A., § 918.09, says in part: "* * * no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, * * *"
[2] Article I, § 6, N.Y. State Constitution, says in part: "* * * Nor shall he be compelled in any criminal case to be a witness against himself." Code of Criminal Procedure, § 10, says in part: "No person can be compelled * * * to be a witness against himself, * * *" Code of Criminal Procedure, § 393, says in part: "The defendant in all cases may testify as a witness in his own behalf, but his neglect or refusal to testify does not create any presumption against him."