[Crim. No. 8055.    Second Dist., Div. Four.    May 13, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS D. KRAMER, Defendant and Appellant.

Stiles Wegener, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Peter H. F. Graber, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—By information, defendant was charged with one count of robbery and four counts of forgery. The information also alleged a prior felony conviction. In a jury trial, in which defendant chose to represent himself in propria persona, he was found guilty as charged. Thereafter, the robbery count was dismissed, defendant's motion for new trial, as to the counts charging him with forgery, was denied, as was probation, and he was sentenced to the state prison

for the term prescribed by law, the sentences on each count to run concurrently.[1]

No issue is raised as to the sufficiency of the evidence to support the judgment. The single contention made by defendant's court-appointed counsel is that the trial court erred by failing to advise defendant, who represented himself at the trial, of his privilege against self-incrimination as guaranteed by article I, section 13, of the California Constitution. It is urged that, under the circumstances of this case, the trial court had the duty to advise defendant of his right not to take the witness stand to testify in his own defense.

A résumé of the instructions given by the trial judge during the course of the trial, relative to defendant's testifying, follows: At the inception of the trial, before the jury was called, the judge asked the defendant whether he wished to admit or deny a prior conviction alleged in the information. At this time the judge advised him, "If you admit the fact of this prior felony, the fact of this felony or conviction, if such is the case, can only be brought out if you take the witness stand on your own behalf." The court then stated: "The district attorney cannot before the jury bring out any evidence of this prior felony if it is now admitted. He can, however, even if it is admitted, in the event you take the stand on your own behalf, then ask you the question of whether or not you have ever been convicted of a felony, which is admissible in the matter of impeaching you." After the prosecution had presented its case, the court instructed defendant:

"Mr. Kramer (defendant), as I previously explained to you, this is the defendant's time to proceed with his case. You may, if you desire, make an opening statement, and then proceed with your evidence."

Mr. Kramer: "In other words, take the stand?"

The Court: "As I have told you, you will also have an opportunity to sum up the case. Do you wish to make an

---

[1]Defendant originally appealed from the judgment in propria persona, this court having denied his request for appointment of counsel. Thereafter, the judgment of conviction was affirmed and defendant's petition for a hearing in the Supreme Court of California was denied. (*People* v. *Kramer,* 204 Cal.App.2d 48, 52 [21 Cal.Rptr. 920].) The matter is again before this court following the ruling of the United States Supreme Court in the case of *Douglas* v. *California* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]. The original judgment has been vacated and counsel appointed to represent defendant on this appeal.

opening statement to the jury, or do you wish to go onto the witness stand, or do you wish to call some witness?''

When defendant continued to question the procedure to be followed in putting on his defense, the court further instructed him:

''You are entitled to make a statement to the jury as to what, in your opinion, the evidence which you will introduce will show. Following that you may, if you desire, either take the stand yourself or call any witness that you have. I am merely outlining the procedure. Now, what you do is, of course, for you and you alone to determine.'' After making an opening statement defendant took the witness stand. Before giving his testimony however, he asked if the deputy district attorney would ''interrogate'' him. The court replied that the prosecutor ''has the right to interrogate you on the things that you testify to on direct—on your own examination.''

Though it is apparent that the court properly advised defendant that he had various procedural alternatives which he could follow in presenting his case, nowhere does the record indicate that defendant was informed he had the privilege to refuse to testify.

The issue presented in the instant case is whether the trial judge has a duty to inform the accused of his constitutional right not to testify where the accused is not represented by counsel, and if so, does the fact that the accused voluntarily takes the stand constitute a waiver of the privilege?

It is clear that a defendant, who is represented by counsel, waives his privilege not to testify if he voluntarily takes the stand. (*People* v. *Huerta*, 148 Cal.App.2d 272 [306 P.2d 505]; *People* v. *De Georgio*, 185 Cal.App.2d 413 [8 Cal. Rptr. 295].) The People maintain that the same result should follow in the situation, where as here, the defendant is not represented by counsel.

No California case has been cited which passed on this precise question. *Killpatrick* v. *Superior Court*, 153 Cal.App. 2d 146 [314 P.2d 164], is closest in point. There, the defendants, who were not represented by counsel, were called by the prosecution to testify in a contempt proceeding. In annulling the judgments of conviction, the court said (p. 149): ''The privilege [against self-incrimination] cannot be made truly effective unless the defendant in a criminal case who is not represented by counsel is advised by the court of the existence of the privilege whenever such advice appears to be

necessary. [Citations.]'' The court further stated (p. 150):
"It is axiomatic that a person may waive the privilege
against self-incrimination. But any such waiver 'must be in-
formed and intelligent. There can be no waiver if the defend-
ants do not know their rights.' [Citation.]'' The court con-
cluded (pp. 150-151): "By requiring petitioners, who were
without the aid of counsel, to testify without advising them
of their constitutional rights, the court violated their privi-
lege against self-incrimination. And petitioners cannot be
said to have waived their privilege since such waiver must be
'informed and intelligent' in order to be voluntary. [Cita-
tion.]''

Should the rule be any different than stated by the
court in *Killpatrick, supra,* where, as in the instant case,
there is no element of compulsion—where the accused freely
takes the stand? We think not. The court in *Cochran* v. *State*
(Fla.) 117 So.2d 544 [79 A.L.R.2d 638] was called upon to
rule on the issue now before us. The accused, who was not
represented by counsel, was advised by the trial judge, at the
conclusion of the prosecution's case, that he could then make
any statement he wished. The state, as in the instant case,
urged that there was no error in the court's failure to advise
the accused of his privilege not to testify since he freely and
voluntarily took the stand. In reversing the judgment of con-
viction the appellate court held that the trial judge had the
duty, which he failed to perform, to inform the accused of
this privilege. The court, in concluding, stated (at p. 547):
"In the instant case, where the record clearly shows that the
accused was not informed of his constitutional and statutory
privilege not to testify ... , his voluntary action in testifying
would not, under the circumstances constitute a waiver of his
privilege. In order to waive a privilege, it must be an act
based upon knowledge and intelligent choice. Since the ac-
cused was not so advised, nor has it been shown that he was
possessed of the knowledge of his privilege, we are forced to
the conclusion that his act in testifying was in ignorance of
his right not to do so.''

In *People* v. *Chlebowy,* 191 Misc. 768 [78 N.Y.S.2d 596],
the reviewing court, in reversing a judgment because the
trial court failed to caution an accused, under circumstances
similar to the instant case, that he need not take the stand,
and that no inference could be drawn against him from his
failure to do so, said (at p. 600 [78 N.Y.S.2d]): "When a
defendant goes to trial upon a charge of a criminal nature

without the benefit of counsel, it is the duty of the court to be alert to protect the defendant's rights. Good practice requires that any suggestion by the court that the defendant take the stand be coupled with advice as to his privilege against self-incrimination. The defendant may not be called to the stand in a criminal case unless he waives his privilege. He cannot be charged with a waiver of the privilege unless it appears that he was aware of its existence and its surrounding safeguards and voluntarily and intelligently elected to refrain from asserting it.'' (See also *People* v. *Morett,* 272 App.Div. 96 [69 N.Y.S.2d 540] ; *State* v. *Lucas,* 24 Conn.Supp. 353 [190 A.2d 511] ; *Stevens* v. *State,* 232 Md. 33 [192 A.2d 73] ; and the annotation in 79 A.L.R.2d 643.)

It is apparent from the record in the case before us that the defendant exhibited an almost complete lack of any knowledge of evidentiary rules or of criminal judicial procedures. The answer to the argument that he waived his right to refuse to testify by voluntarily taking the stand, is that a person cannot waive a right he does not know he has. (*Killpatrick* v. *Superior Court, supra,* 153 Cal.App.2d 146.) The cases holding that a defendant waives his privilege not to testify, when he voluntarily takes the stand, all involved a defendant represented by counsel. (See *People* v. *Huerta, supra,* 148 Cal.App.2d 272; *People* v. *Withers* 73 Cal.App.2d 58 [165 P.2d 945] ; *People* v. *De Georgio, supra,* 185 Cal.App. 2d 413.) In each of these cases, there was available a consultant who was aware of defendant's constitutional rights, and thus, any waiver of the privilege was an informed waiver.

When, as we conclude in the instant case, a defendant has been denied any essential element of a fair trial or due process the judgment against him cannot stand. (*People* v. *Sarazzawski,* 27 Cal.2d 7, 11 [161 P.2d 934] ; *Killpatrick* v. *Superior Court, supra,* 153 Cal.App.2d 146, 151.)

The judgment is reversed.

Burke, P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 8, 1964.