174 So.2d 568 (1965)
David John LETT, Appellant,
v.
STATE of Florida, Appellee.
No. 5608.
District Court of Appeal of Florida. Second District.
April 30, 1965.
*569 Joseph G. Spicola, Jr., Public Defender and Marcus A. Wilkinson, III, Asst. Public Defender, Tampa, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee
PER CURIAM.
Represented by the public defender, the defendant, David John Lett was tried by jury and found guilty of the crime of robbery.
On appeal he first complains that the trial court erred in failing to direct a verdict of acquittal at the close of the state's case. Contrarily the state submits that it presented a prima facie case and that the court properly submitted it to the jury. We agree. A defendant moving for a directed verdict of acquittal admits all facts in evidence adduced and every conclusion favorable to the state fairly and reasonably inferable therefrom. Victor v. State, 1939, 141 Fla. 508, 193 So. 762, 763. Review of this record discloses no error in submitting the case to the jury.
The defendant next charges that the court erred in permitting a detective to testify as to certain statements made by the defendant, claiming that the officer made promises in order to secure the statements. The state, on the other hand, argues that the officer's promise not to take out a warrant on this particular crime was made after the defendant voluntarily admitted the robbery. The record shows that the defendant orally volunteered information regarding the robbery at a time when he was being held for investigation for murder and that the officer subsequently promised not to take out a warrant on the offense if the defendant would reduce his statements to writing. The court made the following ruling:
"* * * neither of the written statements are admissible. Neither have been received into evidence. Neither is to be produced before the jury. The oral conversation, however, between the defendant David John Lett and this witness prior to the time he has testified about being reduced to writing and promises being made will be admitted before the jury."
When it is made to appear prima facie by the state that a confession was freely and voluntarily made without inducement of any kind, the burden of showing that it was not freely and voluntarily made is then upon the person opposing its acceptance in evidence. Nickels v. State, 1925, 90 Fla. 659, 106 So. 479; Cochran v. State, Fla.App. 1960, 117 So.2d 544, 79 A.L.R.2d 638. The rules governing the admissibility of an incriminating admission from which guilt may be inferred are similar to the rules governing the admissibility of a confession. Louette v. State, 1943, 152 Fla. 495, 12 So.2d 168, 172-173. The trial court is charged with the responsibility of *570 determining whether such an admission was freely and voluntarily given. Ibid. This issue was competently resolved against the defendant. Promises of the officer which induced subsequent written statements did not render inadmissible prior voluntary statements. 2 Underhill's Criminal Evidence, § 386 at note 44.
Reversible error not having been demonstrated, the judgment of conviction is accordingly affirmed.
Affirmed.
SMITH, C.J., and WHITE and ANDREWS, JJ., concur.