WILLIS, ROBERT E., Associate Judge.
Appellant was charged with breaking and entering with intent to commit a misdemeanor, tried by jury and found guilty.
The Appellant and William B. Osgood, Fla.App., 192 So.2d 64 were arrested by the St. Petersburg police in an apartment, entrance to which is questioned, the charge was disorderly conduct and minor in possession of alcoholic beverage. The Defendant was taken to the city jail and subsequently arrested for breaking and entering with intent to commit a misdemeanor.
Appellant poses two questions in his appeal :
I. Whether the entry of Defendant’s residency by police officers without warrants and the subsequent arrests of Defendant for misdemeanors were in reality mere excuses for the conducting of a general exploratory search for evidence of a crime and whether such arrests were improper and such search unreasonable.
II. Whether the Prosecutor’s statement that evidence against the Defendant was “uncontroverted” was prejudicial error where Defendant did not testify.
As to the entry of the Defendant’s apartment, the entry was made by a police officer knocking at the door and being invited to “come in”. Under the facts of this case this entry was lawful.
As to the subsequent arrest for disorderly conduct by the police officer who personally knew three of the occupants of the apartment, and observed a violation of the law in that two couples, not married, were in a state of undress together in the apartment. We do not find this arrest unlawful.
As to Appellant’s contention that the entry and arrest were in reality excuses for a general exploratory search for evidence of a crime, we find that the witness Susan Meadows, an eighteen year old married woman, testified that she was living in the apartment with the Defendant, although he was not her husband and that Lynn Reaves, the other minor girl, also shared the apartment with the Co-defendant, William Osgood, and that both girls consented to the subsequent search of the apartment, which disclosed the evidence introduced at the trial.
*64 As to point two, the Prosecuting Attorney, in his argument to the jury stated:
“but he (referring to Police Detective Mein) told you right here, and it’s un-controverted before you right now, that these defendants told him right there at that time freely and voluntarily that they committed this crime. You didn’t hear any comments or any question to * * * you didn’t hear any question to Detective Mein as to whether hs thought those defendants were lying when they made that statement.”
In the presentation before this Court, the State concedes that error was committed .and this Court does so find. Kolsky v. State, Fla.App., 182 So.2d 305; Singleton v. State, Fla.App., 183 So.2d 245.
Reversed and remanded for new trial.
ALLEN, C. J., and PIERCE, J., concur.