WILLIS, ROBERT E., Associate Judge.
Appellant-Defendant below brings this appeal from judgment and sentence pursu *65 ant to a jury verdict of guilty of the crime of breaking and entering with intent to commit a misdemeanor. This is a companion case with Mims v. State, Fla.App., 192 So.2d 62, which is being reversed for a new trial, and the facts are similar with the exception that in this case, the attorney for this Defendant was not permitted to cross examine a proffered witness out of the presence of the jury! Also, the Defendant’s automobile was searched with the consent of the Defendant, and a tire iron, which Defendant stated had been used in the breaking and entering was found.
Appellant claims error in limiting cross examination during proffer and in the absence of the jury.
The Court did permit counsel for Co-defendant Mims to cross examine and subsequently, in the presence of the jury, attorneys for both Defendánts were accorded the privilege of full cross examination. We hold that the trial court is charged with the duty of determining the admissibility of the evidence and in doing so, may determine the limits of the preliminary examination preceding the reception of the evidence. See Cochran v. State, 117 So.2d 544, 79 A.L.R.2d 638. We find no error in this respect.
As to the alleged error in the search, it appears that the Defendant had previously confessed to the' offense and- that his consent to the securing of the tire iron was adequate. .
The Prosecuting Attorney, in his argument to the jury stated:
“But he (referring to Police Detective Mein) told you right here, and it’s un-controverted before you right now, that these defendants told him right there at that time freely and voluntarily that they committed this crime. You didn’t hear any comments or any question to *' * you didn’t hear any question to Detective Mein as to whether he thought those defendants were lying when they made that statement.”
In the presentation before this Court, the State concedes that error was committed, and that this statement did amount to a comment on the failure of the Appellant to testify, and this Court does so find. Kolsky v. State, Fla.App., 182 So.2d 305; Singleton v. State, Fla.App., 183 So.2d 245.
Reversed and remanded for new trial.
LILES, Acting C. J., and HOBSON, J.,' concur.