[Crim. No. 28778. Second Dist., Div. Four. Feb. 1, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID OWENS, Defendant and Appellant.

**COUNSEL**

James A. Goldstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Kent L.

Richland and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—In 1971, defendant was convicted of a violation of section 11501 of the Health and Safety Code. Proceedings were suspended and he was granted probation for a period of five years. On September 24, 1975, a preliminary probation hearing was held and probable cause for revocation was found. Thereafter a formal revocation hearing was held, continuing for several days. On February 9, 1976, defendant was found to be in violation and probation was revoked. On March 11, 1976, he was sentenced to state prison on the 1971 charge. He has appealed; we affirm.

Defendant does not here contend (and could not effectively have contended) that the record does not sustain the probation violation alleged against him. ■ The chief contention here made is that the trial court permitted him to represent himself at the violation hearing without advising him of his right against self-incrimination. The contention is without merit.

The trial court conducted a long interrogation of defendant in order to become convinced that defendant "knowingly and intelligently" was foregoing the assistance of counsel. In support of his present contention—that he should expressly have been advised as to his right not to incriminate himself—he alleges that he, ignorantly, called, as his own witness a man named Austin, an alleged accomplice, whose statements to police contained one statement that had some tendency to incriminate defendant.

The right to self-representation rests on *Faretta* v. *California* (1974) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]. Nothing in either the majority or the dissenting opinions in that case suggests that the warning involved herein need be given. Defendant relies on our decision in *People* v. *Kramer* (1964) 227 Cal.App.2d 199 [38 Cal.Rptr. 487]. That case is not

helpful to him. In *Kramer,* the trial court had advised the defendant that, if he chose to testify, he might be impeached by a prior conviction. However, after the People had rested and the trial court had discussed with the defendant the procedure to be followed in presenting his defense, it omitted to tell him that he had the right not to testify. In *Kramer,* we concluded that the remarks of the trial court amounted to a suggestion that defendant testify and held that, under those circumstances, and where the defendant did testify, a warning of the right not to testify was required. In the present case, no such implied suggestion appears: this defendant did not testify. In *People* v. *Glaser* (1965) 238 Cal.App.2d 819 [48 Cal.Rptr. 427], the court discussed the decision in *Kramer* but held that, although the failure to warn a self-appearing defendant of his right not to testify might have afforded him relief on direct appeal, it was not a ground for the collateral attack therein being made.

Except for the two cases above discussed, we are cited to no cases directly involving the issue now before us, and we have found none. We are not inclined to extend *Kramer* beyond those cases in which a self-representing defendant elects, without warning of his right against self-incrimination, to testify in his own defense. ■ That a self-representing defendant may, in fact, so conduct his defense as to bring about his own conviction was expressly recognized in *Faretta,* the Supreme Court saying (at p. 834 [45 L.Ed.2d at p. 581]): "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts. But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. To force a lawyer on a defendant can only lead him to believe that the new law contrives against him. Moreover, it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' *Illinois* v. *Allen,* 397 U.S. 337, 350-351 (BRENNAN, J., concurring)."

Defendant freely elected, over the repeated advice of the trial court, to represent himself. That he made a possibly[1] tactical error in calling the alleged accomplice was one of the risks he assumed.

## II

Collaterally to the contention just discussed, defendant contends that, in other particulars, his self-representation was inadequate. Not only is that contention unavailing for the reasons above set forth, but the record before us shows that defendant, apart from the possible tactical error in calling his accomplice, did conduct the examination and cross-examination with substantial skill.

The judgment is affirmed.

Dunn, J., and Jefferson (Bernard), J., concurred.

---

[1]Austin's testimony was, in the main, exculpatory of defendant. However, it resulted in admitting into evidence an out-of-court statement by Austin suggesting that a cut on defendant's arm was made while the two men were in the bedroom of the burglarized house, involved in the alleged violation.