Opinion
COLE, P. J.
The appellant appeals his conviction for violating section 314, subdivision 1 of the Penal Code (indecent exposure) asserting three grounds of error, none of which justifies reversal.
While representing himself the appellant took the stand and testified on his own behalf. A survey of the record on appeal discloses that the appellant was never informed by the court of his Fifth Amendment right not to testify and privilege against self-incrimination. The fact that he testified did not serve as a waiver of those rights and privi *Supp. 36 leges. (People v. Solomos (1978) 83 Cal.App.3d 945 [148 Cal.Rptr. 248].) Thus error occurred in this respect although at an early stage of the proceedings appellant’s then counsel informed the court that appellant had indicated to him (the lawyer) that he understood his Fifth Amendment privileges.
We must first determine whether this error requires reversal per se or whether we may adopt the harmless error test of Chapman v. California (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. The cases are in conflict.
In People v. Solomos (1978) 83 Cal.App.3d 945 [148 Cal.Rptr. 248] the court held that a similar error required that the judgment be reversed. In so doing the court relied, inter alia, on People v. Kramer (1964) 227 Cal.App.2d 199 [38 Cal.Rptr. 487] and on Killpatrick v. Superior Court (1957) 153 Cal.App.2d 146 [314 P.2d 164]. Killpatrick is inapposite because there, in a civil contempt proceeding, the defendant was called to the stand by the prosecutor. Kramer squarely held as to an unrepresented defendant who had taken the stand without being advised of his right not to incriminate himself that “When, as we conclude in the instant case, a defendant has been denied any essential element of a fair trial or due process the judgment against him cannot stand.” (227 Cal.App.2d at p. 203.) In support of this statement Kramer cited only Killpatrick and People v. Sarazzawski (1945) 27 Cal.2d 7, 11 [161 P.2d 934], a case which holds that a violation of due process required a reversal but which did not in any way involve the problem of an unrepresented defendant testifying without advice of his right against self-incrimination.
The Solomos court itself was ambivalent. Having held that the judgment there involved could not be saved on the ground that the error was not prejudicial it then proceeded to apply the harmless error test of Chapman v. California, supra, 386 U.S. 18 and to hold that the error was not harmless under that test.
In contrast, the court in People v. Wells (1968) 261 Cal.App.2d 468 [68 Cal.Rptr. 400], adopted the Chapman rule, stating “Some incursions on the guarantee against self-incrimination may turn out to be so harmless in the setting of a particular case that they do not warrant reversal.” (261 Cal.App.2d at p. 481.) Principally cited for this conclusion was Chapman v. California itself, which involved the proper test to be *Supp. 37 adopted when a prosecutor, in violation of a defendant’s rights under Griffin v. California (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229] commented on the defendant’s failure to testify and thus intruded on the right against self-incrimination. Wells was followed in the recent case of People v. Cervantes (1978) 87 Cal.App.3d 281, 289-290 [150 Cal.Rptr. 819].
We agree with the Wells and Cervantes decisions. In terms of magnitude the “incursion” on the right against self-incrimination which occurred here is probably of a lesser nature than the incursion which occurred in Chapman v. California. It is of a totally different type from the compelled-testimony situation found in Killpatrick v. Superior Court, supra, 153 Cal.App.2d 146 on which People v. Kramer, supra, 227 Cal.App.2d 199 replied. People v. Solomos, supra, 83 Cal.App.3d 945 relied upon Kramer. Finally, Wells postdates Kramer and Killpatrick.
Applying the Chapman test to this case we find no reasonable possibility that the error affected the outcome of the trial. There was no issue as to identity nor any evidence contrary to that offered by the People. Two eyewitnesses identified appellant. One observed the criminal act directly and the other observed circumstances corroborative of it. A police officer testified that appellant admitted the act. There was no contrary evidence.
The appellant next contends that his right to confront and cross-examine witnesses was violated by the action of the trial court in deleting the names of the witnesses from the copy of the police report which he received. In light of the facts before this court and the absence of a motion for production of the names, we cannot say that the court abused its discretion by ordering disclosure delayed. (People v. Lopez (1963) 60 Cal.2d 223, 246-247 [32 Cal.Rptr. 424, 384 P.2d 16].)
The appellant’s third contention is that he lacked sufficient mental capacity to waive his constitutional right to counsel. He supports this claim by references to instances in the record wherein the court discussed the question of his competency to represent himself. A review of these remarks in the record indicates that the trial judge was discussing the legal ability of the defendant in representing himself, and not his mental capacity. The record does not demonstrate that the court believed there was any question regarding the defendant’s mental capacity *Supp. 38 and thus no inquiry along that line needed to be made. (See People v. Lopez (1977) 71 Cal.App.3d 568, 573 [138 Cal.Rptr. 36].)
The judgment is affirmed.
Dowds, J., concurred.