SAETA, J., Concurring and Dissenting.
I agree with the majority of all points except one. In my opinion the failure to advise the defendant of his right not to testify and to avoid self-incrimination was error requiring a reversal per se of this conviction.
Given the conflict in the decisions of the Courts of Appeal as reflected in People v. Solomos (1978) 83 Cal.App.3d 945 [148 Cal.Rptr. 248] and People v. Cervantes (1978) 87 Cal.App.3d 281 [15Ó Cal.Rptr. 819], we are at liberty to adopt the more reasonable rule. The majority has chosen the harmless error holding of Cervantes; I would follow Solomos. I see no need to rearticulate my colleagues’ reasons for their choice. Here are mine.
The right against self-incrimination is one of the four most basic constitutional rights possessed by an accused. Putting aside the right to counsel, the right against self-incrimination and the rights to a jury and to confront witnesses have been underscored in their importance by Boykin v. Alabama (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. I think it instructive to note the dates of those two landmark cases. Cases cited by the majority which precede 1969 lose some of their persuasiveness since Boykin and Tahl. Since 1969 we have been taught that the right against self-incrimination should be honored with great fidelity. In Mills v. Municipal Court (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273] in the plea of guilty context we are told: “Thus, on the basis of both the rationale of the Boykin and Tahl decisions and the practicalities of the situation, we now conclude that the Boykin-Tahl requirements of an explicit ‘on the record’ waiver of a defendant’s constitutional rights is applicable to the acceptance of all guilty pleas—to both felonies and misdemeanors—whenever the defen *Supp. 39 dant appears before the court either in person or by counsel.” (10 Cal.3d at pp. 301-302.)
The importance of the right against self-incrimination was more recently contrasted with lesser rights of the defendant in In re Ronald E. (1977) 19 Cal.3d 315 [137 Cal.Rptr. 781, 562 P.2d 684]: “Finally, in In re Yurko (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561], we noted that the admonishments with respect to the privilege against self-incrimination and the rights to a jury trial and to confront witnesses were constitutionally compelled, as distinguished from the admonishments with respect to the other rights mentioned in Tahl. We announced a judicially declared rule of criminal procedure requiring a court to admonish an accused as to the consequences of an admission which may subject him to severe sanctions... . [Fn. omitted.] Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused. (Id., at p. 864.)” (19 Cal.3d at pp. 320-321.) I read the above passage from Ronald E. to mean that violation of the right against self-incrimination requires a reversal per se. This is in contrast to the rule set forth in In re Tahl that the defendant must be informed of the consequences of a guilty plea which requires the court to determine if any error is prejudicial.
Against this background of California Supreme Court pronouncements in Tahl, Mills and Ronald E., I compare the reasoning of Solomos and Cervantes. The only articulated rationale in Cervantes motivating the choice of the harmless error rule is that People v. Wells (1968) 261 Cal.App.2d 468 [68 Cal.Rptr. 400] is a more recent case than People v. Kramer (1964) 227 Cal.App.2d 199 [38 Cal.Rptr. 487] and Killpatrick v. Superior Court (1957) 153 Cal.App.2d 146 [314 P.2d 164].[1] An election based on the age of cases without further analysis is not persuasive to me. Since Wells, the law respecting this constitutional right has undergone significant changes as seen in the Supreme Court cases cited above. The Solomos rationale, as I read it, is a reflection of due process concepts—a defendant must have a reasoned *Supp. 40 choice of testifying or not in order for the criminal proceedings to be fair. Given the weight ascribed to this constitutional right, I am more persuaded by this rationale. I find it more fundamental that a defendant be advised of his right not to testify, thus permitting him to choose whether or not to exercise that right, than to gauge the effect of a comment on that exercise. For these reasons, I do not feel that Chapman v. California (1967) 386 U.S. 18 [17 L.Ed. 705, 87 S.Ct. 824, 24 A.L.R. 3d 1065] fully reaches the facts presented here. In our case the defendant took the stand and in effect confessed to the commission of the crime charged.
For the violation of the defendant’s right against self-incrimination, I would reverse the judgment of conviction.

The Cervantes opinion also states that “[Defendant Wells’ petition for a hearing by the Supreme Court was denied.” (87 Cal.App.3d at page 290.) Denial of a hearing by the Supreme Court adds very little, if any, weight to an appellate decision. (See 6 Wit-kin, Cal. Procedure (2d ed. 1971) § 670.)