FRANK D. UPCHURCH, Jr., Judge.
Appellant, a juvenile, appeals from a delinquency order committing him to the custody of the Department of Health and Rehabilitative Services.
The basis for the petition alleging delinquency was that appellant had attempted to commit robbery. Appellant was arraigned and pleaded not guilty. The docket sheet recites that counsel was offered to appellant but that he waived his right to counsel. No written waiver appears. Appellant contends that his mother declined the Public Defender and indicated her intention to retain other counsel.[1]
*292 Prior to arraignment, a predisposition report prepared by a counselor with the Department of Health and Rehabilitative Services was filed with the court. The record is silent as to whether a copy was furnished to appellant or his mother.
At the hearing, appellant appeared without counsel. After the alleged victim, a child, testified, the court then inquired of appellant, “[d]o you wish to tell your side of this thing.” Appellant answered, “Yes, Sir,” and proceeded to deny being near the victim when a co-defendant demanded the victim’s money. Appellant admitted that he approached the victim at one point and grabbed him. Appellant was subsequently cross-examined by the state attorney.
The court then proceeded to the disposition phase without specifically finding appellant delinquent. An order was entered adjudicating appellant delinquent and committing him to the custody of HRS for an indeterminate period.
The first point raised is whether the court violated appellant’s due process rights by failing to appoint counsel to conduct his defense.
While the United States Supreme Court has never held the full panoply of federal constitutional rights in criminal trials to be applicable to delinquency proceedings, McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the Court has specifically declared that a juvenile is entitled to assistance of counsel. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In that case, the court stated:
A proceeding where the issue is whether the child will be found to be ‘delinquent’ and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child requires the guiding hand of counsel at every step in the proceedings against him. (Emphasis added.)
87 S.Ct. at 1448.
Section 39.071, Florida Statutes (1979), was enacted to effectuate this right and provides, in part:
A child shall be entitled to representation by legal counsel at all stages of any proceedings under this part.... If a child appears without counsel, the court shall advise him of his rights with respect to representation of court-appointed counsel.
Florida Rule of Juvenile Procedure 8.290(c) provides that in the absence of a valid waiver, a child in a delinquency case is entitled to the appointment of counsel. Subsection (d)(5), states:
If a waiver is accepted at any stage of the proceedings, the offer of assistance shall be renewed by the court at each subsequent stage of the proceedings at which the child appears without counsel. (Emphasis added.)
It is extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel. Therefore, a juvenile judge must make certain that the child or his parents understand not only the child’s right to counsel, but also that any waiver is intelligently and validly made. The circumstances of any waiver should be made a part of the record.
Here, the transcript fails to show that the judge offered assistance of counsel to appellant before commencement of the adjudicatory hearing or the dispositional phase despite appellant’s appearance without an attorney. This clearly violates the mandate of Florida Rule of Juvenile Procedure 8.290(d)(5).
Florida Rule of Criminal Procedure 3.111(d)(5), which is identical to the above rule, requires that counsel be offered at each stage of adult criminal proceedings where the defendant appears without counsel. This means that a defendant is entitled to an offer of counsel at every critical stage of a proceeding: arraignment, trial, conviction, and sentencing. Machwart v. State, *293 222 So.2d 38 (Fla. 2d DCA 1969). A juvenile, especially in view of his limited experience, is entitled to no less. See A.Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980).
The second point raised was whether the trial court erred in asking appellant if he wished to testify without informing him of his fifth amendment privilege against self-incrimination.
The fifth amendment privilege was recognized by the Supreme Court in In re Gault as being applicable to the states in delinquency proceedings via and due process clause of the fourteenth amendment. Gault at 87 S.Ct. 1454. See also In re T.A.F., 252 So.2d 255 (Fla. 1st DCA 1971); Fla.R.Juv.P. 8.190(f).
One may waive the privilege against self-incrimination but any such waiver must be based upon knowledge and intelligent choice. Cochran v. State, 117 So.2d 544 (Fla. 3d DCA 1960). In Cochran, the defendant, who was not represented by counsel, was told by the trial judge: “All right, Mr. Cochran, tell me any statement you like now.” The appellate court reversed the conviction since the record failed to show that defendant had been advised or was possessed of the knowledge of his privilege. The defendant, the court declared, was testifying in ignorance of his right not to do so. The rationale of Cochran is that the trial court has a duty to inform a defendant, who is not represented by counsel, of his privilege not to testify and the failure to inform defendant of this right precludes an effective waiver of the privilege.
In the case before us, appellant testified in response to the judge’s invitation to do so without any attempt being made to advise him of his right not to do so. The fact that he voluntarily took the stand is clearly not an effective waiver. In addition, the fact that the instant case is a juvenile case and Cochran was an adult criminal case does not permit a different result. In Gault, the Supreme Court emphasized the similarity between adult criminal proceedings and juvenile proceedings, both of which may lead to a deprivation of liberty.
The third question was whether the trial court erred in the dispositional phase of the proceedings.
Section 39.09(3)(j), Florida Statutes (1979), provides:
The predisposition report shall be made available to the child’s legal counsel and the state attorney upon completion of the report and at a reasonable time prior to the disposition hearing.
The state suggests that this provision is inapplicable since appellant was not represented by counsel. However, numerous courts have held that where written reports are submitted to and considered by the court without an opportunity for their review by a parent prior to the hearing, a denial of fundamental due process occurs. A.Z. v. State; In The Interest of Baby Boy S, 349 So.2d 774 (Fla. 2d DCA 1977). In the case before us, the state failed to establish that a copy of the predisposition report was furnished to appellant’s mother.
We therefore conclude that the proceedings under review did not meet the minimal requirements of due process.
REVERSED and REMANDED for a new proceeding.
ORFINGER and SHARP, JJ., concur.

. A tape recording of the arraignment was destroyed after thirty days in accordance with Florida Rule of Juvenile Proceedings 8.220(g).