DAUKSCH, Chief Judge.
This is an appeal from an order confining appellant under the provisions of section 394.467, Florida Statutes (1979). It was alleged appellant was ill, was likely to injure herself or others and needed to be placed involuntarily in a treatment facility.
*433 It is alleged by appellant that the trial court violated basic constitutional due process rights by failure to allow legal counsel for appellant or to require a proper waiver of counsel; failure to inform appellant of her right to independent examination by her own mental health professional as required by section 394.467(3), Florida Statutes; failure to adequately document the nature and extent of the illness as required by section 394.467(3), Florida Statutes; failure to record the hearing so that an effective mode of review is obtainable; and failure to provide the least restrictive alternative available for the proper treatment and care of appellant.
The State of Florida has agreed “with the position of appellant that the involuntary commitment proceedings in the lower court are defective, both under section 394.467(3), Florida Statutes (Supp. 1980), and constitutionally.”
We also agree. The order of the trial court is reversed and the appellant is discharged. The court must afford all persons all statutory and constitutional rights to which they are entitled, be they juveniles as in R. V. P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981), or alleged mentally incompetent persons, as in this case, or any other person.
ORDER REVERSED; APPELLANT DISCHARGED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.