## STATE OF FLORIDA v FARR

Case No. TO84-82502

County Court, Orange County

July 22, 1985

### APPEARANCES OF COUNSEL

**Daniel Berman,** Assistant State Attorney, for plaintiff.

**J. Peyton Lea, III** for defendant.

### OPINION OF THE COURT

JOHN H. ADAMS, County Judge.

This cause having come before the Court on Defendant's petition for Implied Consent Hearing and the Court having reviewed the file, the video tape of Deputy Sheriff Marvin L. Cavender reading the Defendant the Implied Consent Warning, memorandum of law and having heard argument of counsel and being otherwise fully advised in the premises, it is hereby,

ORDERED AND ADJUDGED that for the reasons set forth more fully below, Defendant unlawfully refused to submit to a chemical test requested in accordance with Florida Statutes Section 322.261. However, the Court will certify to the District Court of Appeals the following question of great public importance:

1. Is the issue defined by Florida Statute 322.261(3)(c) a question of "willful refusal" or a question of "failure to submit"?

## FINDINGS OF FACT

1. Deputy M. L. Cavender of the Orange County Sheriff's Department arrested Clifford C. Farr on September 13, 1984 on a charge of driving while intoxicated.

2. Deputy Cavender had a reasonable basis for stopping Mr. Farr and had probable cause for his arrest.

3. At the Central Booking Office, in a session preserved on video tape, Mr. Farr, at Deputy Cavender's direction, performed a battery of physical sobriety tests. Among other things, Deputy Cavender insisted that Mr. Farr draw a three-wided rectangle on the blackboard provided. Although the Court finds Deputy Cavender's instructions to have been an innocent misstatement, Mr. Farr thereafter appeared confused and defensive.

4. Deputy Cavender then read Mr. Farr the following Implied Consent Warning:

"You are requested by Florida Statutes to submit to a Breath and/or Urine test. Your failure to submit to the tests will result in the suspension of your driving privileges for a period of six (6) months for a first refusal, or for a period of one (1) year if your driving privilege has been suspended previously for refusal to submit to tests. This test is being given to you as a result of your being charged with the offense of driving while under the influence and is not being given to you as a continuation of an accident investigation or accident report in this case. Further, the results of the Breath or Urine test or your refusal to submit to these tests may be used against you as evidence in any future criminal proceeding. "DO YOU UNDERSTAND WHAT I HAVE JUST READ TO YOU? WILL YOU SUBMIT TO THE TEST?"

5. Mr. Farr agreed to take a Urine test but declined to take a breath test.

6. Deputy Cavender then informed him that a Urine test was not available.

7. Mr. Farr, confused by the previous exchange and by the language of the Implied Consent Warning, believed that Deputy Cavender had offered him a choice of tests and had then withdrawn that choice.

8. Mr. Farr failed to submit to the test offered by Deputy Cavender but did not willfully refuse all tests.

86

## CONCLUSIONS OF LAW

It is well settled that an accused is obligated by law to submit to any and all chemical blood alcohol tests requested by a law enforcement officer acting incident to a lawful arrest.

However, in some, but not all, of the Statutes pertaining to the obligation of an accused to submit to such tests, the Legislature has used the phrase "failure to submit" interchangeably with the word "refusal". Such usage leaves some doubt as to whether the Legislature intended to include an element of willfulness in Florida Statutes Section 322.261.

In Florida Statutes Section 322.261, detailing the administrative procedures and penalties to be followed as a result of a driver not submitting to chemical tests, the Legislature uses only the term "refusal to submit". This Court understands "refusal" ordinarily to include an element of willfulness analogous to the willfulness required of a waiver. See *Cochran v. State*, 117 So.2d 544 (Fla. 3rd DCA 1960). However, in Florida Statutes Section 316.1932, the section establishing the obligation to submit to chemical tests and detailing the circumstances of such submission, the Legislature has used the phrase "failure to submit" interchangeably with the word "refusal". The Legislature's choice of words in Section 316.1932 suggests that it did not intend to include an element of willfulness in that section and this Court will so hold.

Reading F.S. Section 322.261 in pari materia with Section 316.1932, this Court will hold that inattentive draftsmanship and imprecise use of the language notwithstanding, the Legislature did not intend to include an element of willfulness in any section of the Implied Consent Law.

THEREFORE this Court holds that although he did not willfully refuse the chemical test offered, Mr. Farr did not submit to such test. Mr. Farr's license SHALL BE and HEREBY IS SUSPENDED for a period of six months.