[No. B046297. Second Dist., Div. Five. Jan. 15, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MARQUIS LA SHOAN JONES, Defendant and Appellant.

## COUNSEL

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Donald E. de Nicola and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

ASHBY, J.—By jury trial appellant Marquis La Shoan Jones was convicted of second degree robbery. (Pen. Code, § 211.) By nonjury trial the court also found appellant was previously convicted of a serious felony and served two prior prison terms. (Pen. Code, §§ 667, subd. (a), 667.5, subd. (b).) Appellant was sentenced to 10 years in state prison.

This case involves a purse snatch type of robbery. The victim was walking on a sidewalk. She had a shoulder-strap purse. The straps were over her left shoulder and the purse was under her left elbow. She held an umbrella in her right hand.

She saw appellant walking toward her. She moved toward the right so he could pass her. When appellant reached her he stopped. He then grabbed her purse and started running.

In response to the prosecutor's question whether she was injured when appellant grabbed her purse, the victim testified, "Well, not much. Only one of my fingers was a little blood [sic] and my shoulder a little bit."

The victim and another person chased appellant and summoned police. Appellant, distinctively dressed in a shower cap, was in sight of either the victim, the witness, a police helicopter unit or other police officers during nearly all of the 20 to 30 minutes it took to arrest him. The victim's purse was found in a partially constructed house appellant entered.

Appellant, who represented himself at trial, presented no defense.

Appellant contends (1) the trial court erred in failing to instruct sua sponte on the lesser included offense of grand theft from the person and (2) the trial court had a duty to advise appellant that he had a right to testify. Finding no merit to these contentions, we affirm, with correction of a minor clerical error in the abstract of judgment.

### Lesser Included Offense

Robbery is the taking of personal property in the possession of another, from the person or immediate presence, and against the will, accomplished by means of force or fear. (Pen. Code, § 211.) Where the elements of force or fear are absent, a taking from the person is grand theft, a lesser included offense of robbery. (Pen. Code, § 487, subd. 2.; *People v. Morales* (1975) 49 Cal.App.3d 134, 139 [122 Cal.Rptr. 157]; *People v. Church* (1897) 116 Cal. 300, 303 [48 P. 125].)

■ As appellant concedes, the evidence supports conviction of robbery. The purse was held by straps over the victim's left shoulder, with the purse itself under her left elbow. The purse was grabbed with such force that it injured the victim. Her finger was cut ("a little blood") and her shoulder was injured ("a little bit"). This makes the taking a robbery. In *People* v. *Roberts* (1976) 57 Cal.App.3d 782, 785 [129 Cal.Rptr. 529], the robber reached under the victim's left arm, grabbed her handbag and jerked it down, snapping it off at the handle. The court held "[c]ertainly, the evidence that the purse was grabbed with such force that the handle broke supports the jury's implied finding that [the requisite force for robbery] existed." (*Id.* at p. 787.) In *People* v. *Clayton* (1928) 89 Cal.App. 405, 411 [264 P. 1105], the victim carried a strongbox under his arm. The robber knocked the box out of the victim's arm in two attempts. The first time, the box did not fall, the victim caught it with his hand; the second time, the box fell, the robber grabbed it and ran away. The court upheld the robbery conviction, stating, " 'The degree of force used is immaterial. All the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance (citing cases).' " (*Id.* at p. 411.)

■ Appellant contends, however, that the evidence also supports a conclusion the crime was theft but not robbery, therefore the court was required to instruct sua sponte on theft as a lesser included offense. An early case concerning the duty of a trial court to instruct on included offenses is *People* v. *Church, supra,* 116 Cal. 300, where the court held that "where the evidence justifies it," a trial court on its own motion should instruct the jury that larceny is included in the offense of robbery. (*Id.* at p. 303.) The court cautioned, on the other hand, that "[m]any cases of robbery may be disclosed by the evidence where the trial court would be justified in refusing an instruction to the effect that the defendant could be convicted of grand larceny. Such cases would be those where the evidence, without contradiction, indicates the offense to have been accomplished by means of force or fear." (*Ibid.*) ■ A more modern statement of the test for instructing on lesser included offenses is found in *People* v. *Lewis* (1990) 50 Cal.3d 262, 276 [266 Cal.Rptr. 834, 786 P.2d 892]: "The court has a duty to instruct sua sponte on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present, but has no such duty when there is no evidence that the offense was less than that charged." Put another way, there is no obligation to instruct on included offenses unless there is some evidence, not merely minimal or insubstantial evidence but evidence from which a jury could reasonably conclude, that the offense was less than that charged. (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 324-325 [185 Cal.Rptr. 436, 650 P.2d 311]; see *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685 and fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].)

In the present case, there was *no* contradictory evidence concerning the circumstances of the robbery. There was only one testifying witness to those circumstances, the victim. Appellant presented no defense. The victim's uncontradicted testimony showed her finger was bloodied and her shoulder injured by the force exerted by appellant in taking her purse. Although the injuries were minor, the inference that force was used is compelling. The degree of force is immaterial. (*People* v. *Clayton, supra,* 89 Cal.App. at p. 411; *People* v. *Lescallett* (1981) 123 Cal.App.3d 487, 491 [176 Cal.Rptr. 687].) There was no contradictory version of the evidence to support instruction on the lesser offense of grand theft from the person.

The record here contrasts with the only two cases cited by appellant where the appellate courts reversed robbery convictions for failure to instruct the jury on theft. In *People* v. *Church, supra,* 116 Cal. at pages 301 to 302, the victim did not testify. Several eyewitnesses gave ambiguous testimony because none of them saw precisely what happened. They saw "some difficulty" between the defendant and the victim and observed that the defendant made a grab for a gold watch on a chain on the victim's vest. The Supreme Court held it was a close question on that evidence whether force was used in the taking, therefore the jury should have been instructed on theft.

Similarly, in *People* v. *Morales, supra,* 49 Cal.App.3d at pages 138-140, the victim did not testify, and there were contradictions in the account given by an eyewitness. The main prosecution witness was across a four-lane boulevard from the crime scene and was partly preoccupied with other matters. Although the eyewitness testified the victim fell down as a direct result of the defendant's pushing her, the court held there was contradictory evidence justifying an inference the victim merely lost her balance because she was startled or when she spun around to catch a glimpse of the robber. (*Id.* at pp. 139-140.)[1]

Thus, *Church* and *Morales* are not like the present case, where there is no contradictory evidence in the record. Of the other cases cited by appellant, none is persuasive that an instruction on theft was required as a matter of law in this case. In *People* v. *Lescallett, supra,* 123 Cal.App.3d 487, the discussion on the desirability of instructions was unnecessary because the trial

---

[1]The victim in *Morales* did not testify because she died as an indirect result of a fractured elbow suffered in her fall. (49 Cal.App.3d at pp. 137-138.) The defendant was convicted not only of robbery but also of first degree felony murder. This was a significant factor in *Morales*. Because the question of robbery versus theft affected the murder conviction, the majority expressed feeling "compelled" to give "careful scrutiny" to inconsistencies in the evidence. (*Id.* at p. 140.) A strong dissent accused the majority of torturing the record in order to reverse the murder conviction. (*Id.* at pp. 146-149.)

court *gave* instructions on both robbery and grand theft. Instructions on theft were justified there by the victim's testimony that she held the purse casually in her hand and felt it snatched from her hand. (*Id.* at pp. 490, 491.) In *People* v. *Roberts, supra,* 57 Cal.App.3d 782, the robbery conviction was reversed on other grounds, and the court merely suggested in a footnote that the evidence might possibly justify an instruction at retrial on the lesser included offense of grand theft. (*Id.* at p. 787, fn. 1.) The *Roberts* court was not required to decide, as are we, whether the lesser included offense instruction must be given on the specific state of the evidence in the record. *Roberts* is further distinguishable because the victim there did not claim physical injury, merely that the purse handle snapped off. Finally, reversal in this case is not required by the statement in *People* v. *Morales, supra,* 49 Cal.App.3d at page 139, that "[w]e have not discovered any California case which purports to define precisely how much force is required to elevate a taking from the person to the status of a robbery. However, it is established that something more is required than just that quantum of force which is necessary to accomplish the *mere seizing* of the property. . . . 'Grabbing or snatching property from the hand has often been held to be grand larceny, and not robbery.' " (Italics added.) The *Morales* court there was discussing the *mere act of seizing,* grabbing or snatching.[2] Here the victim's uncontradicted testimony that she received injuries from the manner in which the purse was taken establishes the additional element of force, which makes the crime robbery, not grand theft from the person. The trial court did not err in failing to instruct sua sponte on the lesser included offense of grand theft from the person.

### ADVICE OF RIGHT TO TESTIFY

When the prosecution rested its case in chief, the following occurred: "THE COURT: All right. Do you have a defense? [¶] MR. JONES: No, I don't. [¶] THE COURT: Defense rests? [¶] MR. JONES: I guess that's what you call it."

Appellant cites well-established authority that if a defendant in propria persona proposes to take the stand to testify, the court must advise the unrepresented defendant of the privilege against self-incrimination. (*People* v. *Kramer* (1964) 227 Cal.App.2d 199, 201-203 [38 Cal.Rptr. 487]; *People* v. *Glaser* (1965) 238 Cal.App.2d 819, 826-833 [48 Cal.Rptr. 427]; *People* v. *Wells* (1968) 261 Cal.App.2d 468, 481 [68 Cal.Rptr. 400]; *People* v. *Solomos* (1978) 83 Cal.App.3d 945, 952-954 [148 Cal.Rptr. 248]; *People* v. *Jackson*

---

[2]See generally Annotation, Purse Snatching as Robbery or Theft (1972) 42 A.L.R.3d 1381; 67 American Jurisprudence Second, Robbery, section 30, page 85; 77 Corpus Juris Secundum, Robbery, section 17, page 460.

(1978) 88 Cal.App.3d 490, 497-498 [151 Cal.Rptr. 688]; *People* v. *Cervantes* (1978) 87 Cal.App.3d 281, 288-289 [150 Cal.Rptr. 819]; *People* v. *Longwith* (1981) 125 Cal.App.3d 400, 412 [178 Cal.Rptr. 136]; *People* v. *Torres* (1982) 133 Cal.App.3d 265, 280 [184 Cal.Rptr. 39]; *People* v. *Doane* (1988) 200 Cal.App.3d 852, 866 [246 Cal.Rptr. 366].)

Appellant contends this rule should be extended in a different direction. He contends the right of a defendant *to testify* is an equally important fundamental constitutional right, which is the "counterpart" or "corollary" of the right *not* to testify. He argues that if a court must give advice about the privilege against self-incrimination to a self-represented defendant who proposes to testify, then as a corollary the court should have advised appellant, when appellant offered no defense, that he had a right to testify. This contention is wholly without merit.

In the cases establishing a fundamental right to testify, the trial courts enforced restrictions which prevented the defendants, who wished to testify, from taking the stand; the appellate courts found the restrictions invalid, holding the willing defendants could not be prevented from testifying. (*Brooks* v. *Tennessee* (1972) 406 U.S. 605, 612 [32 L.Ed.2d 358, 363-364, 92 S.Ct. 1891] [statute requiring that a criminal defendant desiring to testify shall do so before any other defense witness held unconstitutional]; *Rock* v. *Arkansas* (1987) 483 U.S. 44, 62 [97 L.Ed.2d 37, 52-53, 107 S.Ct. 2704] [rule excluding all posthypnosis testimony by a defendant infringes impermissibly on defendant's right to testify]; *People* v. *Shirley* (1982) 31 Cal.3d 18, 67 [181 Cal.Rptr. 243, 723 P.2d 1354] [same]; *People* v. *Robles* (1970) 2 Cal.3d 205, 215 [85 Cal.Rptr. 166 [466 P.2d 710] [defendant may testify despite his attorney's objection]; *People* v. *Harris* (1987) 191 Cal.App.3d 819, 825 [236 Cal.Rptr. 680] [same]; *People* v. *Fernandez* (1990) 219 Cal.App.3d 1379, 1387 [269 Cal.Rptr. 116] [willing codefendant may testify for defendant over objection of codefendant's attorney].) Here the record gives no indication appellant desired to testify. The court placed no restriction whatsoever on the manner in which appellant desired to defend the case.

The duty to give advice about the privilege against self-incrimination to a self-represented defendant who proposes to testify is a very limited exception to a general rule. The general rule is that a self-represented defendant is not entitled to any assistance or advice from the trial judge on matters of law, evidence or trial practice. (*People* v. *Redmond* (1969) 71 Cal.2d 745, 758 & fn. 3 [79 Cal.Rptr. 529, 457 P.2d 321]; 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 2820, pp. 3432-3434.) There is a clear distinction between giving a warning to a self-represented defendant who is about to take the stand and possibly incriminate himself, and giving general advice or suggestions to a self-represented defendant as to presentation of a defense.

In *People* v. *Owens* (1977) 66 Cal.App.3d 720 [136 Cal.Rptr. 215], the court rejected an argument similar to appellant's. The defendant in *Owens* did not propose to testify himself; he called as a defense witness an alleged accomplice, which led to introduction of the accomplice's statement to police, which incriminated the defendant. The defendant argued on appeal that since he represented himself, the trial court had a duty under *People* v. *Kramer, supra,* 227 Cal.App.2d 199, to advise him about the privilege against self-incrimination. The appellate court distinguished *Kramer.* "In *Kramer,* we concluded that the remarks of the trial court amounted to a suggestion that defendant testify and held that, under those circumstances, and where the defendant did testify, a warning of the right not to testify was required. In the present case, no such implied suggestion appears: this defendant did not testify. . . . [¶] . . . We are not inclined to extend *Kramer* beyond those cases in which a self-represented defendant elects, without warning of his right against self-incrimination, to testify in his own defense." (*People* v. *Owens, supra,* 66 Cal.App.3d at p. 723.)

The trial court had no duty to advise appellant in the circumstances of this case.

### CLERICAL ERROR IN JUDGMENT

The parties agree there is a clerical error in the abstract of judgment, in the box which reflects the number of actual days in custody; they further agree, however, that the boxes reflecting the total days of credit and local conduct credit are correct, having been previously calculated based on the correct number of actual days in custody.

The trial court is directed to prepare a corrected abstract of judgment reflecting "actual local time" of 285 days. As so modified the judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 26, 1992.