MELVIN, WOODROW M., Sr., Associate Judge.
The parties to this appeal will be designated as they were in the trial court.
The Defendants, each with no prior felony conviction, entered their plea of guilty to the offense of armed robbery. Upon request of counsel, the trial court, on January 7, 1974, ordered a pre-sentence investigation report for each of them. Thereafter, on January 11, 1974, the trial court, advising that the court had received a verbal pre-sentence investigation report, proceeded to sentence each Defendant to the State prison for a period of twenty years.
The single question for determination here is whether, under the provisions and purposes of Rules of Criminal Procedure 3.710, 3.712 and 3.713 relating to pre-sen-tence investigation reports, such reports are required to be in writing.
Although the rules do not specify that such reports shall be in writing, we find such to be the purpose and spirit of the rules. If the report be not in writing, then the provisions of Rules of Criminal Procedure 3.712(b), (c) and (d), authorizing the court to make the report available to persons or agencies having a legitimate professional interest in the information contained in the report, making the report available to reviewing courts, and requiring the judge to make available all factual material contained therein to the Defendant and the State a reasonable time before imposing sentence, would have no practical field of operation. We, therefore, hold that pre-sentence reports contemplated by the applicable rules must be in writing.
We reverse with direction that the sentence imposed on each Defendant be vacated and a pre-sentence written report be requested by the Court.
RAWLS, Acting C. J., and BARK-DULL, THOMAS H., Jr., Associate Judge, concur.