ERVIN, Judge.
S.C.H. appeals from an order of disposition adjudicating him delinquent and committing' him to the custody of the HRS. The appellant asserts that the state did not properly comply with Florida Rule of Juvenile Procedure 8.200(b) prior to the court’s pronouncement of disposition. We agree and remand with instructions.
The lower court ordered both a pre-dispo-sition report and a psychiatric evaluation by a Dr. Miller to aid in determining an appropriate disposition of the case. The pre-dis-position report recommended that appellant receive a judicial warning. That recommendation, however, was in conflict with Dr. Miller’s psychological evaluation, recommending that the claimant be placed in a more structured environment. At the disposition hearing, defense counsel was in receipt of both the pre-disposition report and Dr. Miller’s psychological evaluation. The trial court then questioned the HRS counselor who prepared the pre-disposition report concerning the inconsistency between it and Dr. Miller’s evaluation. The counselor explained that at the time she made her initial recommendation, she had not read Dr. Miller’s report. She then changed her recommendation, advising the court that the appellant be removed from his home and placed in an environment consistent with that suggested by Dr. Miller. She stated that this change in recommendation followed her conversations with *812 a doctor other than Dr. Miller, and after her receipt of other physicians’ reports. The original pre-disposition report made no mention of these other conversations or reports, and the counselor did not submit an amended pre-disposition report reflecting the reasons for her changed recommendation. Notwithstanding the lack of notice to appellant, and his attorney, the court accepted the counselor’s amended recommendation and committed the child to the HRS for a period of one year or until his 19th birthday, whichever should occur first.
The appellant then filed a motion to suspend execution of the disposition imposed by the trial court, alleging that the disposition was based on the counselor's changed recommendation which in turn depended upon psychological reports not made available to the defense. At a later hearing on this motion, another HRS counselor admitted that the original counselor’s modified recommendation followed her review of reports from doctors other than Dr. Miller. The appellant’s counsel again objected, arguing that the defense had been availed no opportunity to refute any of the evidence on which the original counselor based her amended recommendation, thereby severely prejudicing the defendant. The trial court denied the motion.
The appellant’s argument that the lower court erred in committing the appellant to the custody of the HRS without first providing the appellant an amended written predisposition report rests upon Rule 8.200(b), Florida Rules of Juvenile Procedure, which states:
The child, his attorney, and his parent[s] or custodian shall be entitled to a disclosure of all information in the pre-disposition report except those portions classified as confidential by the submitting person or agency, (e. s.)
The appellant further contends that our court’s interpretations of the presentence investigation (PSI) rules, Rules 3.712 and 3.713, Florida Rules of Criminal Procedure, are applicable by analogy. For example, Donlyuk v. State, 330 So.2d 52, 53 (Fla. 1st DCA 1976), construed Rules 3.712 and 3.713 as requiring that relevant information comprising a presentence investigation report be in written form and available to the defendant at a reasonable time before sentencing. Additionally, Dickens v. State, 368 So.2d 950 (Fla. 1st DCA 1979), held that a defendant was entitled to all non-confidential factual information contained in a pre-sentence investigation report prior to sentencing.
Although Florida Rule of Juvenile Procedure 8.200(b) has yet to be judicially construed, we agree that the protections which it furnishes juveniles should be no less than that required of courts when sentencing adult offenders. Certainly, it cannot be seriously contended that a pre-disposition report is not the functional equivalent of a PSI. Here, although the original pre-dispo-sition report and the psychiatric evaluation by Dr. Miller were made available to the appellant at the time of the disposition hearing, the court in effect relied on an amended unwritten pre-disposition report, which was based on medical reports that were not made available to the appellant at or before the disposition hearing. That type of information, if relied on by the court, see Rule 8.200(a), was required to be included within the pre-disposition report, and such information, which was not classified as confidential, should have been disclosed to the appellant pursuant to Rule 8.200(b).
Accordingly, the delinquency disposition is vacated and the cause is remanded with directions that a disposition hearing be conducted in a manner consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.