JOANOS, Judge.
This is an appeal from an order committing a juvenile to the custody of the Department of Health and Rehabilitative Services (“HRS”) because he violated the conditions of his community control supervision. The order itself is deficient and must be reversed and remanded. Several additional arguments raised by appellant require discussion.
The record does not indicate why L. J. N. was originally placed on community control. A petition was filed on August 20, 1981 alleging that L. J. N. had violated those terms of his community control which required him to refrain from using unlawful narcotics or intoxicants and refrain from violating the law, in that he had been found to have 15 grams of marijuana in his exclusive possession. At a hearing held on August 28, 1981, testimony regarding the incident was taken from two police officers and L. J. N.’s counselor from HRS.
In an order dated August 28, 1981, the trial court found that L. J. N. had violated the terms of his community control and committed him to the custody of HRS “for a period of not less than one (1) year or until his 19th birthday, whichever is earlier.” In addition, this order set forth the placement preferences of the court, pursuant to Section 39.09(3)(e) Florida Statutes, as follows: (1) Alyce D. McPherson School; (2) Arthur G. Dozier School; (3) Florida School for Boys at Okeechobee.
Counsel for L. J. N. filed a motion for rehearing alleging that the order committed L. J. N. for a determinate period of time in violation of Section 39.11(3) Florida Statutes, and that the placement options listed in the order had been suggested to the court by an assistant state attorney rather *1351 than by HRS as required by Section 39.-09(3)(e). The court denied the motion for rehearing, and entered an amended order again committing L. J. N. to the custody of HRS “for a period of not less than one (1) year or until his nineteenth birthday, whichever is earlier.” In addition, this amended order provided: “The Court having received the recommendations of the Department of Health and Rehabilitative Services, attached hereto, recommends that the Department place the child in one of the following facilities of descending priority: (1) Florida School for Boys at Okeechobee, (2) Start Program or (3) Halfway House.” The attachments to the order indicate that HRS had suggested placement in a Halfway House, a Start Center, or a Family Group Home.
We find merit in appellant’s argument that the court erred in committing him for a determinate time period. Section 39.11(3) provides: “Any commitment of a delinquent child to the department shall be for an indeterminate period of time ... . ” In R. J. K. v. State, 375 So.2d 871 (Fla. 1st DCA 1979), this court, relying on B. J. v. State, 374 So.2d 1106 (Fla. 1st DCA 1979), established that a commitment for a period of not less than one year is a commitment for a specific period of time in violation of the statute.
The court also erred in inserting as the number one placement priority an option not suggested by HRS. The statute does not provide for the court’s insertion of its own placement options. Rather, pursuant to Section 39.09(3)(e):
If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court.
On remand the court should commit L. J. N. for an indeterminate period of time and choose placement priorities from the list of suggestions provided by HRS.
Several other matters raised by appellant required discussion, although they do not serve as bases for reversal in this case. The transcript of the hearing held on August 28, 1981, contains numerous representations by the transcriber of the tape recorded hearing that he could not understand portions of what had been said. The transcriber was not present at the hearing and is not responsible for these omissions. Appellant has directed our attention to a recent case from the Fifth District, J. E. v. State, 404 So.2d 845 (Fla. 5th DCA 1981), in which an adjudication of delinquency was set aside due to the inadequacy of the transcript. We certainly agree that appellant’s “right of appeal should not be frustrated because of some fault in the electronic reporting system provided by the court.” Id. In J. E. the district court determined that “the portion of the transcript which is available does not, in itself, support the adjudication of delinquency, so a new hearing is warranted.” In the instant case, however, despite omissions from the testimony the portions of the hearing which were intelligible are sufficient to support the order finding a violation of L. J. 'N.’s community control program. This conclusion is also supported by our finding no merit in appellant’s argument that a lab report from the Florida Department of Law Enforcement, verifying that the substance obtained from L. J. N. was marijuana, should not have been admitted in evidence.
We note with concern appellant’s argument that the trial judge erred in questioning L. J. N. about the alleged violation without first advising him of his right to remain silent. After the state rested its case defense counsel advised the court that the defense would not put on any testimony. The trial judge immediately began questioning appellant about the circumstances of the violation. Such questioning of the accused by the trial court in absence of advice as to the right to remain silent, particularly when the defense had just announced that it would not put on testimony, was improper. Defense counsel made no contemporaneous objection to the question *1352 ing, however, and the information elicited from L. J. N. was cumulative to the evidence previously presented by the state. Thus this case is distinguishable from the cases relied on by appellant in which reversal was based on similar questioning. In those cases the juveniles not only were not advised of the right to remain silent, but they were not advised of their right to counsel and were not represented by counsel at the hearings. See C. G. H. v. State, 404 So.2d 400 (Fla. 5th DCA 1981), R. V. P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981).
AFFIRMED in part, REVERSED in part and REMANDED for entry of an order complying with Chapter 39, Florida Statutes.
BOOTH and SHIVERS, JJ., concur.