MILLS, Judge.
R. S. appeals an order committing him to the custody of the Department of Health and Rehabilitative Services. We affirm in part and reverse in part.
The child asserts that due process was denied when the commitment proceeding was conducted without the prior filing of a written predisposition report. The better practice is for a written report to be provided prior to the hearing. The intent of the Juvenile Justice Act, particularly Section 39.09(3), is best served by this report being submitted in writing prior to any disposition hearing. However, the facts of this case do not require reversal for failure to provide the report in writing. A predisposition report was given orally to both the court and the child’s counsel several days prior to the disposition. A written report was promptly made and filed. There is no assertion that the written and oral reports vary. There is, in fact, no assertion of prejudice to the child made to the trial court. Without some harm having been done, we affirm the action below.
The court gave one placement option instead of the ranking required by Section 39.09(3)(e), Florida Statutes (1981). This is reversed for the reasons expressed in W. Y. v. State, 414 So.2d 659 (Fla. 1st DCA 1982), opinion released this date. The cause is remanded for further proceedings.
McCORD, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.