MILLS, Judge.
J. D. appeals two commitments and amended commitments to the Department of Health and Rehabilitative Services (HRS). We vacate the amended commitments and reinstate the original orders.
J. D. was committed for petit theft and placed on community control. Several months later he stole a bicycle, resulting in a commitment for grand theft and for violating his control. At the commitment hearing, Judge Green informed J. D. that he had lost his chance to be on the streets. He committed J. D. and asked HRS for three placement options. No predisposition report was filed. HRS provided three options which were ranked 1) halfway house; 2) start center; 3) intensive group.
After three days, HRS placed J. D. in an intensive group. This is a counseling program which allows the child to live at home. Judge Green then vacated his previous commitment order and inserted “3) training school” as the third option. HRS then found a halfway house for J. D.
Prior to the enactment of Section 39.-09(3)(e), the trial judge lacked authority to revisit commitment orders to control HRS placement of the child. J. N. v. State, 279 So.2d 50 (Fla. 4th DCA 1973). There is nothing in Section 39.09(3)(e) to alter this. The amended orders are therefore vacated.
We need not reach J. D.’s attack on the amended orders based on L. J. N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982).
J. D. also asserts error in the failure to file a predisposition report. Our review of the record reveals that J. D.’s counsel expressly waived the filing of the report. There is no error in the original commitments and they are reinstated.
BOOTH and THOMPSON, JJ., concur.