JOANOS, Judge.
In this appeal from an order of commitment to the Department of Health and Rehabilitative Services following adjudication of delinquency, J. B. contends the court erred in committing him without the benefit of a written predisposition report, without allowing him an adequate opportunity to rebut or explain factual information contained in the oral report, and without disclosing the contents of the report to appellant and his parents.
Appellant’s counsel was in attendance when an oral predisposition report was presented by the HRS counselor in the judge’s chambers. Apparently, although the record is not completely satisfactory in this regard, the disposition hearing took place immediately thereafter. Appellant’s counsel objected to proceeding in this fashion because appellant and his parents were provided no opportunity to confront the information, revealed in the oral report, which counsel asserted was extremely damaging. In response to this objection, the court requested that the HRS counselor give the oral report again, in the courtroom, but defense counsel objected to that procedure because other people were present in the courtroom. The court responded that counsel could not have it both ways, to which another objection was lodged. The judge then recited the information in the report on which he intended to rely, asked for the recommendation of the state attorney, and proceeded to dispose of the case without pausing to inquire whether appellant or his parents cared to comment on the information.
Appellant directs our attention to Fla.R.Juv.P. 8.200 and subsections 39.-09(3)(a), (c), and (j), Florida Statutes (1981), arguing that meaningful compliance with these provisions requires preparation of a written predisposition report made available to the juvenile, his parents, and counsel a reasonable time prior to disposition hearing. While the purpose of the Juvenile Justice Act would best be served by submission of a written predisposition report prior to the disposition hearing, R. S. v. State, 414 So.2d 660 (Fla. 1st DCA 1982), we decline to insert an absolute requirement that the report be in writing into the statute and rule at this time. In this particular case, however, at minimum, the information in the oral predisposition report should have been disclosed to appellant and his parents a reasonable time prior to the disposition hearing so that they would have a meaningful opportunity to confront the information contained in the report. See Fla.R.Juv.P. 8.200(b). See also S. C. H. v. State, 404 So.2d 811 (Fla. 1st DCA 1981); C. G. H. v. State, 404 So.2d 400 (Fla. 5th DCA 1981); R. V. P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981).
The order of commitment is VACATED and the case is REMANDED for proceedings consistent with this opinion.
McCORD and ERVIN, JJ., concur.