455 So.2d 582 (1984)
T.A.W., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-564.
District Court of Appeal of Florida, Fifth District.
August 30, 1984.
James B. Gibson, Public Defender, and Lucinda J. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
T.A.W. appeals from an order of disposition in a delinquency case which ranked as first priority the option of sending him to a state school. Section 39.09(3)(e), Florida Statutes (1983), requires the court to rank the options presented to it by the Department of Health and Rehabilitative Services.[1] As in L.J.N. v. State, 411 So.2d 1349 *583 (Fla. 1st DCA 1982), the court selected as the number one placement priority an alternative that was not suggested by the Department of Health and Rehabilitative Services. The provisions of this statute regarding disposition of juvenile cases are mandatory.[2]
While this case was on appeal, the lower court attempted to modify its order to comply with section 39.09(3)(e), but it lacked jurisdiction to do so.[3] Accordingly, we vacate the disposition order and remand for entry of an order in compliance with the controlling statute.
ORDER VACATED; REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Section 39.09(3)(e), Florida Statutes (1983), provides:

(3) DISPOSITION HEARING FOR DELINQUENCY CASES.  When a child has been found to have committed a delinquent act, the following procedures shall be applicable to the disposition of the case:
(e) If the court determines that the child should be adjudicated as having committed a delinquent act and that he should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding on reasons for the decision to adjudicate and commit the child to the department. If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the department and shall be given primary consideration. The recommendation of the court shall be followed if the commitment resource is available. The court may also require that the child be placed in a community control program following the child's discharge from commitment. Community-based sanctions may be imposed by the court at the disposition hearing or at any time prior to the child's discharge from commitment.
[2] W.Y. v. State, 414 So.2d 659 (Fla. 1st DCA 1982); L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982); see also T.S.J. v. State, 439 So.2d 966 (Fla. 1st DCA 1983).
[3] Ward v. State, 405 So.2d 503 (Fla. 2d DCA 1982); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980).