486 So.2d 40 (1986)
T.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1196.
District Court of Appeal of Florida, Second District.
April 2, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his adjudication of delinquency and the disposition ordered by the trial court. We affirm the adjudication, but reverse the disposition and remand.
The state filed six petitions for delinquency, charging defendant with various theft offenses. The trial court adjudicated defendant delinquent and committed him to the custody of the Department of Health and Rehabilitative Services (HRS). The trial court's written order contained a ranking of three facilities where the trial court recommended that defendant be placed. The facility ranked first by the court was not one of the facilities recommended by HRS in its predisposition report.
Section 39.09(3)(e), Florida Statutes (1985), provides, "The court shall rank the options presented by [HRS] in order of the preference of the court." This statute is mandatory and does not permit the trial court to insert its own placement option. See T.A.W. v. State, 455 So.2d 582 (Fla. 5th DCA 1984); L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982). On remand, the trial court should rank the options presented by HRS.
As another point on appeal, the defendant contends that the trial court failed to follow certain requirements of section 39.09(3)(c). We agree. On remand, the trial court should comply with that section.
A third point on appeal is that the trial court ordered defendant to make restitution. According to W.P.J. v. State, 443 So.2d 424 (Fla. 2d DCA 1984), restitution may be imposed on a juvenile only if he has been placed in a community control program. Accordingly, the trial court erred in imposing restitution in this case because defendant was committed to the custody of HRS and was not placed in a community control program.
We find no merit to the remaining points on appeal.
*41 Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
RYDER, C.J., and SCHOONOVER, J., concur.