SCHEB, Acting Chief Judge.
J.S.M. appeals his adjudication of delinquency and the disposition ordered by the trial court.
The state filed a delinquency petition charging J.S.M. with sale of cannabis. He entered a plea of no contest. A predisposition report was submitted by the Department of Health and Rehabilitative Services (HRS) recommending J.S.M. be placed on community control. The report did not present any placement options for consideration should the court decide to commit J.S.M. The trial court adjudicated him delinquent and committed him to the custody of HRS. The trial court orally announced specific reasons for the decision. The court’s order listed a single placement option, Eckerd Youth Development Center.
Section 39.09(3)(e), Florida Statutes (1985) provides, in pertinent part:
If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court.
Since the trial court failed to observe the mandatory requirements of section 39.- *584 09(3)(e), we remand for compliance with this statute. See T.D. v. State, 486 So.2d 40 (Fla. 2d DCA 1986).
Accordingly, we affirm the adjudication of delinquency, but we reverse the court’s disposition and remand for further proceedings in compliance with section 39.09(3)(e).
CAMPBELL and SANDERLIN, JJ., concur.