JOANOS, Judge.
In his consolidated appeals, appellant challenges the final order which orders him committed to the Dozier School for Boys. Appellant argues that the trial court erred in choosing a placement alternative not on the list of three submitted by the Department of Health and Rehabilitative Services (HRS) pursuant to § 39.09(3)(e), Florida Statutes (1985).[1] We agree and reverse.
Appellant was adjudicated to have committed delinquent acts for two counts of burglary and one count of criminal mischief. In its final order the trial court committed appellant to HRS. HRS submitted a list of three placement alternatives to the trial court. The trial court rejected the three placement options, finding all of them insufficient, and ordered that appellant be placed in the Dozier School for Boys during the period of his commitment to HRS.
C.A.B. is a 16 year old male with six prior adjudications of delinquency, five for felonies. During his most recent commitment, he was granted a weekend furlough from the Miami group home where he had been placed, and while out, he committed two burglaries in Gadsden County and an act of criminal mischief. During the hearing the court heard testimony from HRS case workers on a variety of placement alternatives, not just those formally recommended by HRS. The options formally presented to the court by HRS were as follows: (1) a halfway house; (2) Youth Homes of Florida; (3) a family group home. In its order of commitment to HRS, the trial court specifically found that the suggested placements offered by HRS did not adequately take into consideration the safety and protection of the community. Further, the court found that the recommended placements were unsuitable sanctions because they did not contribute to any possible rehabilitation of the child, and according to the court, would actually hinder the rehabilitative process. The trial court committed the child to the custody of HRS for an indeterminate period not longer than until his 19th birthday, and specifically ordered him placed in the Dozier School for Boys.
Section 39.09(3)(e), Florida Statutes provides that the court shall rank the options presented by HRS in order of the preference of the court. The recommendation of the court shall be reviewed by HRS and shall be given primary consideration. The trial court must rank in its order of preference the placement alternatives submitted by HRS. As appellant contends, the courts have consistently held that the provisions of § 39.09(3)(e), Florida Statutes are mandatory. The court may not recommend its own options for placement of a child, even if it disagrees with those presented by HRS. See L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982). See also W.Y. v. State, 414 So.2d 659 (Fla. 1st DCA 1982); A.H. v. State, 499 So.2d 27 (Fla. 2d DCA 1986); T.D. v. State, 486 So.2d 40 (Fla. 2d DCA 1986); In Re Interest of K.J.M., 495 So.2d 241 (Fla. 5th DCA 1986); T.A.W. v. State, 455 So.2d 582 (Fla. 5th DCA 1984).
*1121 The HRS staffs primary recommendation was to return the child to the halfway house where he resided most recently. According to the placement coordinator’s testimony, the child was doing well at the Miami halfway house prior to his recent offenses and the halfway house staff was willing to take him back, even though he had violated the law again. The record reveals the placement coordinator explained to the trial court that the Dozier School for Boys was unsuitable for appellant for the school often houses aggressive and violent juveniles, and appellant is not a hostile child. Further, according to the coordinator’s testimony, the Dozier School was not even considered by the HRS staff working on appellant’s case. The HRS placement coordinator also stated that such a placement was inappropriate for appellant because, according to the HRS admissions manual, criteria for a commitment to Dozier School required that the child be 14 years or older and have committed a capital, life, or first degree felony, or have at least two prior felony commitments involving violence against persons or property. This appellant has previously been committed only one time.
We find that failure to comply with the mandates of § 39.09(3)(e) constitutes reversible error, and we are unwilling to recede from L.J.N. v. State and reinterpret § 39.09(3)(e) Florida Statutes. It may or may not be wise for judges to be given more authority in the placement of committed delinquents. However, that determination is for the legislature to make. Until it is changed by the legislature, the judiciary is required to follow the method set out in the statutes. Therefore, we reverse appellant’s commitment and remand this case to the trial court for a recommitment proceeding consistent with this opinion.
WIGGINTON and ZEHMER, JJ., concur.

. Section 39.09(3)(e) Florida Statutes provides in pertinent part:
(e) If the court determines that the child should be adjudicated as having committed a delinquent act and that he should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding on reasons for the decision to adjudicate and to commit the child to the department. If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the department and shall be given primary consideration. The recommendation of the court shall be followed if the commitment resource is available, (e.s.)