511 So.2d 434 (1987)
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, et al., Appellants,
v.
R.S., a Child, Appellee.
No. 86-1542.
District Court of Appeal of Florida, Fifth District.
August 13, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellants.
No appearance for appellee.
PER CURIAM.
The lower court's action in selecting and ranking three placement options which were not recommended by H.R.S. was in violation of the mandatory dictates of section 39.09(3)(e), Florida Statutes (1985). See J.S.M. v. State, 505 So.2d 583 (Fla.2d DCA 1987); A.H. v. State, 499 So.2d 27 (Fla.2d DCA 1986); Department of Health and Rehabilitative Services v. Margain, 495 So.2d 241 (Fla. 5th DCA 1986); In re Interest of L.B., 493 So.2d 554 (Fla. 5th DCA 1986); T.D. v. State, 486 So.2d 40 (Fla.2d DCA 1986); T.A.W. v. State, 455 So.2d 582 (Fla. 5th DCA 1984); R.S. v. State, 414 So.2d 660 (Fla. 1st DCA 1982); W.Y. v. State, 414 So.2d 659 (Fla. 1st DCA 1982); L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982). See also In re Interest of K.A.B., 483 So.2d 898 (Fla. 5th DCA 1986).
This case is reversed and remanded for entry of a commitment order in compliance with section 39.09(3)(e), Florida Statutes (1985).
REVERSED AND REMANDED.
*435 UPCHURCH, C.J., and SHARP, J., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
Section 39.09(3)(e), Florida Statutes (1985), which relegates juvenile judges to merely making a recommendation by ranking H.R.S. program options, is an exceedingly frustrating limitation on a conscientious judge who may believe that the alternatives listed by H.R.S. do not include an available program that is in the best interests of the child. The legislature should either give the juvenile judge's decision judicial authority or take him completely out of that decision-making process. The present statute places apparent responsibility on the judge for making a decision but does not give him the authority to effectuate his best judgment. The judicial function does not include the making of "recommendations" to the executive branch of government and is degraded and frustrated by this statute which serves little or no meaningful function.