511 So.2d 1096 (1987)
STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
Hon. Robert B. McGREGOR, Etc., et al., Respondents.
No. 87-1117.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
*1097 James A. Sawyer, Jr., Orlando, for petitioner Dept. of Health and Rehabilitative Services.
Robert B. McGregor, pro se.
SHARP, W., Judge.
The Department of Health and Rehabilitative Services petitions this court for extraordinary relief, pursuant to Florida Rule of Appellate Procedure 9.100. It alleged the respondent circuit judge refused to accept and rank the options prepared by H.R.S. in a juvenile commitment hearing pursuant to section 39.09(3)(e), continued the hearing, and ordered H.R.S. to file "more appropriate commitment recommendations." We elect to treat this case as a Petition for Writ of Mandamus, and we issue the writ.
There is no dispute concerning the facts of this case. A juvenile, R.W., was found guilty of theft on June 4, 1987, and his disposition hearing was set for the following day. At that hearing HRS filed three recommendations for programs into which the child should be placed. Section 39.09(3)(e) provides:
If the court determines that the child should be adjudicated as having committed a delinquent act and that he should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding on reasons for the decision to adjudicate and to commit the child to the department. If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the department and shall be given primary consideration. The recommendation of the court shall be followed if the commitment resource is available. The court may also require that the child be placed in a community control program following the child's discharge from commitment. Community-based sanctions may be imposed by the court at the disposition hearing or at any time prior to the child's release from commitment. Community-based sanctions may include, but are not limited to, rehabilitative restitution; curfew; revocation or suspension of the driver's license of the child; community service; the limitation of the child from nonessential activities or privileges; or other appropriate restraints on the child's liberty. (Emphasis supplied).
The trial judge was apparently dissatisfied with the three alternatives selected by H.R.S. In his response filed with this court he indicated he thought the alternatives selected in this case were not appropriate, possibly because they were based on erroneous factual understandings. In such a case, the judge thought he had the authority to have the commitment options reevaluated.
While we are sympathetic with the juvenile judge's plight in this case, it appears to us that the Legislature has substantially removed the judiciary from its traditional sentencing or commitment power in juvenile cases, and given it to a state agency. The law is clear and it therefore must be followed. All a juvenile judge can do in such cases is select among the options selected by H.R.S., and if his first choice is *1098 "available," it will prevail.[1] The wisdom of such a system of justice may be subject to question, but no constitutional questions having been raised, we have no alternative but to enforce the law as written.
Accordingly, we grant the petition for mandamus, and require that the juvenile judge in this case rank the options submitted by H.R.S., and we quash the order requiring H.R.S. to file different options.
ISSUE WRIT.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] In re K.J.M., 495 So.2d 241 (Fla. 5th DCA 1986); In re L.B., 493 So.2d 554 (Fla. 5th DCA 1986); L.J.N. v. State, 411 So.2d 1349 (Fla. 1st DCA 1982).