SCHEB, Acting Chief Judge.
A.T. appeals from an order adjudicating him delinquent and committing him to the Department of Health and Rehabilitative Services (HRS). While A.T. raises two points on appeal, we find merit in only one.
A.T. argues that the trial court erred in failing to follow the dictates of section 39.-09(3), Florida Statutes (1985), when it committed him to HRS. At A.T.’s disposition hearing, HRS presented the trial court with three options for A.T.’s placement. The trial judge, however, ranked as his first choice for A.T.’s commitment an option not presented by HRS.
The trial court is restricted to ranking the options provided by HRS and cannot go outside them to insert its own placement option. T.D. v. State, 486 So.2d 40 (Fla.2d DCA 1986). Since the trial court failed to observe the mandatory requirements of section 39.09(3)(e), we remand for compliance with this statute. J.S.M. v. State, 505 So.2d 583 (Fla.2d DCA 1987). On remand, the trial court must then comply with the additional provisions set forth in section 39.09(3).
Accordingly, we reverse the trial court’s disposition and remand for further proceedings in compliance with section 39.09(3).
CAMPBELL and FRANK, JJ., concur.