527 So.2d 840 (1988)
N.L.J., a Child, Petitioner,
v.
Hon. Walter KOMANSKI, Respondent.
No. 88-348.
District Court of Appeal of Florida, Fifth District.
May 19, 1988.
On Motion for Rehearing and Clarification July 7, 1988.
Joseph W. DuRocher, Public Defender, Ninth Judicial Circuit and Barry W. Hepner, *841 Asst. Public Defender, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for respondent.
DANIEL, Judge.
The Department of Health and Rehabilitative Services petitions this court for extraordinary relief pursuant to Florida Rule of Appellate Procedure 9.100. The department alleges that the respondent circuit judge refused to accept and rank the three commitment options provided by the department at the initial disposition hearing of February 11, 1988, on the juvenile's plea of guilty to a charge of trespass to an occupied vehicle, a first degree misdemeanor, and to violations of community control from previous offenses. Those options were
1. Halfway House
2. Youth Homes of Florida/Wilderness
3. Biscayne Bay Marine Institute
The department contends the judge continued the disposition hearing ordering it to provide new options. However, at the second disposition hearing, the department provided the same three commitment options which the judge again refused to rank, continuing the disposition hearing once more.
There is apparently no dispute as to the facts. The juvenile, N.L.J., was initially adjudicated guilty of grand theft charges in 1985 and committed to the department. In January of 1986, N.L.J. was again adjudicated guilty and committed to the department for committing another grand theft. Approximately six months later N.L.J. violated a provision of aftercare and was once more committed to the department. At that disposition hearing, the department provided three options, namely, training school, a halfway house and a family group home.
Subsequently, N.L.J. was adjudicated guilty and recommitted on new offenses  including grand theft of a firearm and carrying a concealed weapon as well as grand theft of a motor vehicle. Approximately six months later, violation of community control by N.L.J. based on these offenses as well as violations of aftercare from all previous offenses resulted in another commitment. Options then included a training school, halfway house and family group home.
The basis for the petition before this court is N.L.J.'s latest offenses, criminal trespass and violation of aftercare community control on which he was placed for previously mentioned offenses. The department seeks a writ of mandamus to require the trial judge to conduct a disposition hearing ranking the commitment options provided by the department in accord with section 39.09(3)(e), Florida Statutes, which provides:
If the court determines that the child should be adjudicated as having committed a delinquent act and that he should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding on reasons for the decision to adjudicate and to commit the child to the department. If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court. The recommendation of the court shall be reviewed by the department and shall be given primary consideration. The recommendation of the court shall be followed if the commitment resource is available. The court may also require that the child be placed in a community control program following the child's discharge from commitment. Community-based sanctions may be imposed by the court at the disposition hearing or at any time prior to the child's release from commitment. Community-based sanctions may include, but are not limited to, rehabilitative restitution; curfew; revocation or suspension of the driver's license of the child; community service; the limitation of the child from nonessential activities or privileges; or other appropriate restraints on the child's liberty. (emphasis supplied)
*842 This matter is controlled by that provision. See State of Florida, Department of Health and Rehabilitative Services v. McGregor, 511 So.2d 1096, 1097-1098 (Fla. 5th DCA 1987):
The trial judge was apparently dissatisfied with the three alternatives selected by H.R.S. In his response filed with this court he indicated he thought the alternatives selected in this case were not appropriate, possibly because they were based on erroneous factual understandings. In such a case, the judge thought he had the authority to have the commitment options reevaluated.
While we are sympathetic with the juvenile judge's plight in this case, it appears to us that the Legislature has substantially removed the judiciary from its traditional sentencing or commitment power in juvenile cases, and given it to a state agency. The law is clear and it therefore must be followed. All a juvenile judge can do in such cases is select among the options selected by H.R.S., and if his first choice is "available" it will prevail. The wisdom of such a system of justice may be subject to question, but no constitutional questions having been raised, we have no alternative but to enforce the law as written.
Here, as in McGregor, we are sympathetic with the judge's plight and understand his frustration because no option provides a disposition satisfactory to him. He believes that the department misunderstood the law when selecting the options. We also note with approval the concern expressed in Judge Cowart's concurring opinion in Department of Health and Rehabilitative Services v. R.S., 511 So.2d 434, 435 (Fla. 5th DCA 1987) that:
Section 39.09(3)(e), Florida Statutes (1985), which relegates juvenile judges to merely making a recommendation by ranking H.R.S. program options, is an exceedingly frustrating limitation on a conscientious judge who may believe that the alternatives listed by H.R.S. do not include an available program that is in the best interests of the child. The legislature should either give the juvenile judge's decision judicial authority or take him completely out of that decision-making process. The present statute places apparent responsibility on the judge for making a decision but does not give him the authority to effectuate his best judgment.
Nevertheless, the law is clear and must be followed. Accordingly we grant the petition for writ of mandamus and require the responding judge to conduct a disposition hearing ranking the options provided by the department as required by section 39.09(3)(e).
WRIT ISSUED.
DAUKSCH and COWART, JJ., concur.

ON MOTION FOR REHEARING AND MOTION FOR CLARIFICATION
We grant petitioner's motion for clarification and correct our opinion filed May 19, 1988, to substitute N.L.J. for the Department of Health and Rehabilitative Services as the petitioner and note that the arguments and contentions were those of N.L.J. rather than the Department.
Respondent's motion for rehearing is denied.
DAUKSCH and COWART, JJ., concur.