PARKER, Judge.
R.B. appeals his adjudication of delinquency and the disposition that the trial judge ordered. Although appellant raises three issues in this appeal, we find merit in only one.
The state filed a delinquency petition charging R.B. with dealing in stolen property. R.B. entered a plea of denial, and the trial judge held an adjudicatory hearing. Finding R.B. guilty of the offense charged, the trial judge ordered the Department of Health and Rehabilitative Services (HRS) to prepare a predispositional report. In its report, HRS recommended that R.B. continue on community control. At the disposition hearing, the trial judge adjudicated R.B. delinquent. HRS made no recommendation for placement at the hearing; however, the trial judge stated his preferences for placement as San Antonio Boys Village or training school. The trial judge thereafter entered a written order committing R.B. to HRS and listed his preferences for placement as (1) San Antonio Boys Village or (2) training school.
This procedure was not in compliance with section 39.09(3)(e), Florida Statutes *323 (1985) which provides, in pertinent part, as follows:
If the court decides to commit a child to the department [HRS], the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court.
§ 39.09(3)(e), Fla.Stat. (1985). Because the trial court failed to comply with the mandatory requirements of this statute, the cause must be remanded for compliance therewith. See J.S.M. v. State, 505 So.2d 583 (Fla. 2d DCA 1987).
We affirm the adjudication of delinquency but reverse the court’s disposition and remand for further proceedings consistent with section 39.09(3)(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
FRANK, A.C.J., and THREADGILL, J., concur.