544 So.2d 318 (1989)
M.M., a Child, Petitioner,
v.
The Honorable Lawrence L. KORDA, As Judge of the Seventeenth Judicial Circuit, and Health and Rehabilitative Services, Respondents.
No. 89-1035.
District Court of Appeal of Florida, Fourth District.
June 7, 1989.
Alan H. Schreiber, Public Defender, Frank delaTorre, Chief Asst. Public Defender, and Alisa Smith, Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for respondents.
STONE, Judge.
The appellant petitions for a writ of mandamus,[1] asserting that the trial judge violated section 39.09(3)(e), Florida Statutes, by failing to adopt and rank the placement alternatives furnished by the H.R.S. counselor at the disposition (sentencing) hearing. The juvenile was adjudicated delinquent on charges of robbery and aggravated battery. The trial court disagreed with two of the three placement alternatives proposed by the H.R.S. counselor. The *319 court, considering the appellant's record and his failure to be rehabilitated by previous local programs, suggested that wilderness programs would be more appropriate and should be utilized.
The petitioner also seeks relief preventing H.R.S. from considering the judge's views, and from modifying the initial recommendation. There was no final order, or order of any type, entered. Rather, the hearing was simply concluded following the court's statements regarding appropriate disposition.
Section 39.09(3)(e), Florida Statutes (1987), states in pertinent part that:
If the court decides to commit a child to the department, the department shall furnish the court, in order of the preference of the department, a list of not less than three options for programs in which the child may be placed. The court shall rank the options presented by the department in order of the preference of the court.
The statutory language is obviously mandatory, leaving the trial court no discretion with respect to the placement proposed by H.R.S. beyond the required ranking options. If this were a direct appeal by the juvenile from a final order substituting the court's placement alternatives for H.R.S. recommendations, we would be compelled to reverse. See C.A.B. v. State, 510 So.2d 1119 (Fla. 1st DCA 1987); F.D.E. v. State, 510 So.2d 1076 (Fla. 1st DCA 1987); A.T. v. State, 516 So.2d 1104 (Fla. 2d DCA 1987); J.S.M. v. State, 505 So.2d 583 (Fla. 2d DCA 1987); Department of Health and Rehabilitative Services v. R.S., 511 So.2d 434 (Fla. 5th DCA 1987). Similarly, mandamus has been held to be appropriately granted upon petition by H.R.S., where a trial court refuses to accept the department's recommendations, and orders it to furnish the court with alternative options, or orders that the juvenile be placed in a program not listed by H.R.S. See N.L.J. v. Komanski, 527 So.2d 840 (Fla. 5th DCA 1988); State of Florida, Department of Health and Rehabilitative Services v. McGregor, 511 So.2d 1096 (Fla. 5th DCA 1987).[2]
We appreciate the frustration expressed by other courts and judges reflected in the Resolution of the Executive Committee of the Florida Conference of Circuit Judges, 13 F.L.W. 2380 (Oct. 28, 1988), asserting that the judiciary should be afforded appropriate discretion and authority if judges are to formally participate in the placement decision. See also Department of Health and Rehabilitative Services v. R.S., 511 So.2d at 435 (Cowart, J., concurring specially); N.L.J. v. Komanski, 527 So.2d at 842.
We deny this petition because the statute does not prevent a trial judge from questioning, or expressing a suggestion or opinion concerning placement alternatives. In some instances, such suggestions may be more harsh than the H.R.S. proposal, in others, more lenient. A trial courtroom at sentencing is not a static sterile environment. A judge, perhaps with more experience than the H.R.S. counselor, cannot be expected to always remain silent in the face of a perceived mistake. There is no reason to assume that the legislature intended to shield the department from an expression of the court's views in the absence of a specific statement to that effect in the statute. There is therefore no need to speculate on the constitutionality of such a restriction.
There is no benefit to the public, or to the defendant's opportunity for effective rehabilitation, by depriving H.R.S. of the opportunity to weigh the court's judgment. Certainly, in those rare cases where a judge might disregard the mandates of the statute or seek to compel H.R.S. to bend to his will, H.R.S. will still seek appropriate relief by petition. There is no reason to assume that this powerful state agency will suddenly act the role of a shrinking violet if it were improperly directed to modify its placement proposal against its will. Trial courts frequently offer comments to the Department of Corrections in sentencing, with respect to placement of a defendant in *320 a specific location, type of facility, or program. Hopefully, such suggestions are respectfully considered by the executive branch. Similarly here, although a trial court cannot force the department to modify its placement recommendations, an expression of views by the court, even where coupled with a continuance of the hearing, does not constitute an order in disregard of the statutory mandate. Additionally, we recognize that this opinion conflicts with D.M., Jr. v. State, 539 So.2d 579 (Fla. 5th DCA 1989) (Cobb, J., dissenting), and elect not to follow that opinion.
The petition for writ of mandamus is denied.
WARNER and POLEN, JJ., concur.
NOTES
[1] The petitioner also seeks relief by the remedy of a writ of prohibition and has labeled the appendix a petition for writ of habeas corpus, however, we treat this petition entirely as one for a writ of mandamus.
[2] We do not address whether the provision in section 39.09(3)(e) concerning placement in a boot camp training program may expand the authority of the trial court judge as that issue has not been raised in the petition or response.