DAUKSCH, Judge.
This matter is before the court upon a petition for habeas corpus or mandamus and, in effect, an amended petition for mandamus.
B.E.O. was put into detention for a delinquent act and adjudicated a delinquent. At a dispositional hearing the trial judge received from H.R.S. a pre-disposi-tional report which, in accordance with section 39.09(3)(e) Florida Statutes (1988 Supp.), provides a list of three options, in order of preference, of programs in which the child may be placed. The statute requires the judge to rank the options in the order preferred by the court. In this case the judge said he preferred two options, in order, and “rejected” the third option as inappropriate for this child. That is tantamount to a ranking of third because the option proposed is a program used for treatment of juveniles.
The trial judge, over the child’s objection, asked H.R.S. for another ranking; in effect, a fourth option. H.R.S. complied and the child was sent to the fourth option. The child appeals and says the trial judge has no authority to request or require H.R.S. to resubmit options once that statutory duty is performed. D.M. v. State, 539 So.2d 579 (Fla. 5th DCA 1989) is cited as authority. That case is on point and holds that H.R.S. is required by statute to submit at least three options, in order of H.R.S. preference, and that the judge is required to rank the options in order of court preference and then H.R.S. proceeds in accordance with the statute. In this case when the judge requested or required H.R.S. to resubmit or add a fourth option to its first list technical error occurred. As was held in D.M. and Department of Health and Rehabilitative Services v. McGregor, 511 So.2d 1096 (Fla. 5th DCA 1987) the rather clerical and administrative functions of the juvenile judge were over in regard to that disposition when the initial ranking was done. The child’s objection should have been sustained and the judge should not have carried through with his proposed request or requirement.
Having said error was technically committed we say further that it is of little moment that error occurred because the statute allows H.R.S. to make the ultimate decision regarding placement anyway. H.R.S. can reject all options they preferred and the judge ranked, if they are full. The statute says “[t]he recommendation of the court shall be followed if the commitment resource is available.” That proviso is so loosely worded as to be open to broad interpretation but we interpret it to mean that if the resource is open and not full *1177 (beds are available) then the child should be sent there. Otherwise H.R.S. is given complete discretion as to where to place the child. That is apparently what happened here. H.R.S. says the three options ranked by the judge were full so the child was sent to a fourth. We cannot interfere because the statute allows that. For us to reverse the order of the trial court would not help either party. Upon remand the first three options would be reinstated, they are full so the child would stay where he is. We decline to act where no useful purpose is to be served.
Earlier in this case we required the child to be removed from detention because he had been held there longer than the five days after dispositional hearing. § 959.12, Fla.Stat. (1987). We hold that the statute does not permit discretion on the part of H.R.S. The child must be removed from detention and into a commitment program within the five days mentioned in the statute.
Habeas corpus is denied as moot and mandamus is denied.
COBB and COWART, JJ., concur.