550 So.2d 126 (1989)
In the Interest of C.M.T., a Child, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 89-532.
District Court of Appeal of Florida, First District.
October 3, 1989.
Carl S. New, Asst. Public Defender, Gainesville, for petitioner.
Linda K. Harris, Deputy Gen. Counsel, for respondent.

ON PETITION FOR WRIT OF MANDAMUS
PER CURIAM.
Petitioner, a juvenile, filed a petition for writ of mandamus in this court alleging that the Department of Health and Rehabilitative Services (H.R.S.) had failed to comply with the requirements of section 959.12, Florida Statutes, when it did not place him in a commitment program within five days after he was committed to the custody of H.R.S.
Petitioner pled guilty to violation of community control, was committed to the custody of H.R.S. and placed in secure detention. H.R.S. furnished the trial court with three commitment options as required by section 39.09(3)(e), Florida Statutes. The trial court then ranked the three options according to its preference. Rather than place petitioner in a commitment program within five days as required by the statute, the trial court extended the detention three times over the objection of the petitioner. Evidently, this was done so petitioner could be placed in the first choice option program.
Petitioner then filed a petition for writ of mandamus against H.R.S. arguing that he should have been placed in a commitment program within five days. Section 959.12, Florida Statutes, states that when "a child is committed to [H.R.S.], the removal of the child from detention and placement of the child into a commitment program shall occur within five days, excluding Saturdays, Sundays, and legal holidays." Ultimately petitioner was placed into the first choice commitment program and H.R.S. moved to dismiss the petition as moot. We denied that motion finding that the issue presented *127 involved the duties and authority of public officials in the administration of the law, and was likely to recur, yet would consistently evade review because of the relatively short period of detention. C.L.B. v. Jones, 381 So.2d 1178 (Fla. 1st DCA 1980).
We have reviewed section 959.12 and determine that the statute does not permit discretion on the part of H.R.S. Although section 39.032(6)(c), Florida Statutes, does allow for a 15 day continuance after a juvenile has been adjudicated, in the case at bar a disposition hearing had already been held. Unlike section 39.032(6)(c), there is no provision for a continuance contained in section 959.12.
We are not persuaded by H.R.S.'s arguments that the use of word "shall" in the statute is permissive. The placement of the juvenile in a commitment program is not within the discretion of H.R.S. The child must be removed from detention and placed into a commitment program within the five days as required by section 959.12. B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989). The statute must be complied with by the juvenile authorities and the trial courts.
The petition for writ of mandamus shall be construed as a petition for writ of habeas corpus. Because petitioner has now been placed into a commitment program, we withhold issuance of the writ (no issue being raised as to the legality of his present commitment). The relief sought by petitioner, however, is granted.
WIGGINTON, NIMMONS and MINER, JJ., concur.