PER CURIAM.
We are consolidating sixteen separate petitions for writ of mandamus filed in this court, in that each raises the identical issue, that of the rights of juveniles held in secure detention and not placed into commitment programs within the statutorily mandated period. In these cases, this court has by summary order, designated these petitions as seeking habeas corpus, and ordered the individual petitioner juveniles to be released forthwith, if they were not already placed into a program by the time the petition became ripe for our review. In the latter event, we granted habe-as relief but withheld issuance of the writ. This consolidated opinion will now set forth the basis for these orders.
*1350 In each of the sixteen consolidated petitions for writ of mandamus, the petitioner juvenile has been charged either with violating the terms of his community control imposed under section 39.111, Florida Statutes, or with other separate crimes subsequently committed. All petitioners were committed to the custody of the Department of Health and Rehabilitative Services and placed temporarily in secure detention at the Broward Regional Juvenile Detention Center, intended for eventual placement into a commitment program. However, each was held for a period in excess of five working days. In each of the cases, the juvenile has demanded either a mandate for immediate placement within a commitment program, or release from detention to await subsequent commitment.
Section 959.12, Florida Statutes (1987), provides in pertinent part:
When a child is committed to the department, the removal of the child from detention and placement of the child into a commitment program shall occur within five (5) days, excluding Saturdays, Sundays, and legal holidays.
In fourteen of these consolidated cases, the juveniles have been held in secure detention awaiting commitment for much longer than the five-day period, often several weeks longer. However, In the Interest of D.B., our Case No. 89-2765, and In re R.S., our Case No. 89-2813, are cases where the juveniles in question were placed into commitment programs shortly after the filing of the petitions for writ of mandamus but after expiration of the five-day period.
In each case, the state's response has indicated that although the juvenile has not been placed into a commitment program within the time limit provided, it was not due to willful noncompliance with or disobedience of the statutory mandate. Instead, the state indicates that none of the designated placement facilities is immediately available.
In similar cases, two other district courts of appeal have granted extraordinary relief. For example, In the Interest of C.M.T. v. Department of Health and Rehabilitative Services, 550 So.2d 126 (Fla. 1st DCA 1989), arose from a petition for writ of mandamus filed by a juvenile held in detention longer than five days. The juvenile was subsequently placed into a commitment program prior to issuance of the court’s opinion. Accordingly, the court withheld issuance of the writ, but granted the petition, which it construed as a petition for writ of habeas corpus. In R.P. v. State, 550 So.2d 543 (Fla. 5th DCA 1989), the Fifth District Court of Appeal granted a petition for writ of habeas corpus in similar circumstances.
We agree with the First and Fifth Districts, including their conclusion that section 959.12, Florida Statutes, is mandatory and requires release of a juvenile held more than five days without placement into a commitment program. See B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989).
Accordingly, we construe the petitions for writ of mandamus filed herein as petitions for writ of habeas corpus, and grant the petitions and issue the writs of habeas corpus in the fourteen cases identified herein. We grant the petitions but withhold issuance of the writ in the two cases in which the juveniles have been placed into commitment programs.
Finally, since these petitions are construed as seeking habeas corpus relief, the Department of Health and Rehabilitative Services has been removed from the style of these cases, and the remaining respondent is Ron Fryer, Superintendent of the Broward Regional Detention Center.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.