556 So.2d 815 (1990)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
R.W.K., a Child, Appellee.
No. 89-957.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
Arthur R. Shell, Jr., DHRS District III Legal Counsel, Gainesville, for appellant.
Charles R. Holloman of Charles R. Holloman, P.A., Ocala, for appellee.
COWART, Judge.
Upon a second violation of community control by a juvenile, the juvenile judge amended a prior order extending community control by adding a condition that HRS place the juvenile at a specific residential facility and fully fund the placement. HRS appeals. The condition of community control requiring HRS to place the juvenile in a specific facility and fully fund the placement is invalid and is hereby stricken.
First, a condition of probation or community control is for the purpose of restricting the person on probation or community control or conditioning the continuation of that status; it is not properly used to direct or limit the action of the state supervising agency or other third parties.
Second, the child has only been placed in a community control program under the supervision of HRS pursuant to section 39.11(1)(a), Florida Statutes.[1] The court has not committed the child to HRS under section 39.11(1)(c), Florida Statutes, and, therefore, the question of HRS placing the child in a residential facility was not properly before the court.
Third, even had the court committed the child to HRS under section 39.11(1)(c), Florida Statutes, the court does not have the statutory authority to place the child in a specific facility or program. The court has only the authority to rank three or more options presented by HRS in order of preference by the court pursuant to section 39.09(3)(e), Florida Statutes. See B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989); D.M., Jr. v. State, 539 So.2d 579 (Fla. 5th DCA 1989); N.L.J. v. Komanski, 527 So.2d 840 (Fla. 5th DCA 1988); H.R.S. v. State, *816 516 So.2d 1094 (Fla. 5th DCA 1987); H.R.S. v. McGregor, 511 So.2d 1096 (Fla. 5th DCA 1987); H.R.S. v. R.S., 511 So.2d 434 (Fla. 5th DCA 1987); In re K.J.M., 495 So.2d 241 (Fla. 5th DCA 1986); In re L.B., 493 So.2d 554 (Fla. 5th DCA 1986); T.A.W. v. State, 455 So.2d 582 (Fla. 5th DCA 1984).
CONDITION STRICKEN and CAUSE REMANDED.
DANIEL, C.J., and SHARP, W., J., concur.
NOTES
[1] Section 39.01(12), Florida Statutes, defines community control as:

"Community control" means the legal status of probation created by law and court order in cases involving a child who has been found to have committed a delinquent act. Community control is an individualized program in which the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to a child's home in lieu of commitment to the custody of the department in a training school, halfway house, or other residential program of the department.