567 So.2d 1038 (1990)
In the Interest of M.C., a Child.
No. 90-2126.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Alan H. Schreiber, Public Defender and Richard Castillo, Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for respondent.
*1039 WARNER, Judge.
This petition for writ of habeas corpus is another case in which a juvenile, this time petitioner M.C., has been in secure detention at the Broward Regional Juvenile Detention Center for more than the five day maximum period before placement into a commitment program as required by section 959.12, Florida Statutes (1989). This is only one of many such cases which have been filed in this court. In the Interest of M.N., 556 So.2d 510 (Fla. 4th DCA 1990); In the Interest of A.B., 553 So.2d 1349 (Fla. 4th DCA 1989) (consolidation of sixteen similar cases). In fact, petitions like this one are so common that the public defender's office uses a form petition and argument to present to this court. And our district is not the only one experiencing this problem. See C.M.T. v. Department of Health and Rehabilitative Services, 550 So.2d 126 (Fla. 1st DCA 1989); B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989). Like the above referenced, this case has become factually moot because of placement of the child, but clearly it is a controversy capable of repetition yet evading review, such that it can be considered on its merits. Therefore we grant the petition but withhold issuance of the writ in light of the placement.
In this case the child was waiting for a bed in a program for mentally disturbed children. The response notes that often H.R.S. cannot immediately place these juveniles because of lack of space in programs suited to the particular needs of the juvenile. Obviously, this problem is due in large measure to a lack of funding for such programs.
The Legislature has made substantial changes in its juvenile justice system with the passage of The Florida Juvenile Justice Act, Chapter 90-208, effective October 1, 1990. Included in that bill is the repeal of section 959.12, and its replacement with section 39.044(11) which under the facts of this case would have permitted the child to remain in secure detention with court authorization for not more than fifteen days from disposition, excluding Saturday, Sundays and legal holidays. However, even that extension would have been violated in this case, as the child was adjudicated on July 17 and not placed until August 14th.
What this shows us is that all of the legislative changes will mean nothing unless the legislature has committed the resources to expand the treatment programs for juveniles. Hopefully, the recent legislative session did that and will continue to abide by the words of the preamble to Chapter 90-208 which states:
"... Florida must make a major investment in the future that is its children, and, without a major commitment of resources, the needs of these children will not be addressed and the long-term public safety will not be enhanced ..."
LETTS and GUNTHER, JJ., concur.