571 So.2d 43 (1990)
A.O., a Child, D.B., a Child, T.E.H., a Child, D.D., a Child, A.J., a Child, C.M., a Child, S.M., a Child, T.E., a Child, M.B., a Child, N.D., a Child, C.K., a Child, F.A., a Child, Petitioners,
v.
Greg CHINAULT, Director, Polk Regional Juvenile Detention Center, Respondent.
Nos. 90-02453, 90-02523, 90-02528, 90-02649, 90-02651, 90-02652, 90-02655, 90-02724, 90-02739, 90-02892, 90-02919 and 90-02922.
District Court of Appeal of Florida, Second District.
October 31, 1990.
Rehearing Denied December 11, 1990.
*44 James Marion Moorman, Public Defender, Phyllis C. Chew, Howardene Garrett, Jay B. Haviser and Jodi Katzin, Asst. Public Defenders, Bartow, for petitioners.
Edward A. Haman, Tampa, for respondent.
PER CURIAM.
This court has received a number of habeas corpus petitions, each originating in the juvenile division of the circuit court in Polk County, wherein it is contended that the petitioners are being held in detention in violation of section 39.044(11), Florida Statutes (1990). That statute mandates the removal of a child from detention, and his placement into a commitment program, within five days of the date the child has been adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. See B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989).
Upon the receipt of these petitions this court has ordered a response, generally within a period of only a few days. In many instances that response indicates only that the Department "intends to have the petitioner placed and out of the respondent's custody prior to the date this response is due." Such a response is inadequate for at least two reasons. First, it fails to address the merits of the petition, i.e., whether the child is, in fact, being detained in violation of the statute. Second, it implies that the Department considers our response orders a de facto extension of time for placing the child in a commitment program. Accordingly, all such responses in these cases have been, or are hereby, stricken.
In each of the above-styled cases the petition for writ of habeas corpus is granted to the extent the petitioner is hereby ordered discharged from the respondent's custody in the event he or she is still confined in the Polk Regional Juvenile Detention Center. If any of the petitioners have been transferred from detention into a commitment program, their petitions are denied as moot.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.