LETTS, Judge.
The juvenile defendant was adjudicated guilty of carrying a concealed weapon. We affirm the adjudication and commitment to the Department of Health and Rehabilitative Services, but reverse the trial judge’s substitution of another program option instead of one of the three furnished by the department. See § 39.09(3)(e), Florida Statutes (1989).
It is true that in M.M. v. Korda, 544 So.2d 318 (Fla. 4th DCA 1989), we held that a trial judge should not be prevented from expressing his concern, dissatisfaction and criticism of the program options presented by HRS. However, in M.M., no final order was entered and the M.M. court was careful to point out that a trial judge cannot force the department to modify its placement recommendations and that an “expression of views by the court ... does not constitute an order in disregard of the statutory mandate.”
In the case before us now, the trial judge actually substituted his own choice of pro *169 gram in favor of one of the three options presented by HRS. This he cannot do as he should have already known from M.M. v. Korda, in which he was, likewise, the trial judge. See also, A.T. v. State, 516 So.2d 1104 (Fla. 2d DCA 1987).
All other points on appeal are affirmed.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WARNER and POLEN, JJ., concur.