GRIFFIN, Judge.
R.L., a fifteen year old juvenile, has filed a Petition for Writ of Habeas Corpus seeking release from detention or, in the alternative, an order of immediate placement in the commitment option specified in the lower court’s order. Because R.L. has been held in detention beyond the applicable time period provided in section 39.044(11), Florida Statutes (Supp.1990), we grant the petition.
On February 12, 1991, R.L. was adjudicated to have committed burglary of a structure and second degree arson and was committed to the custody of HRS. In the order of commitment, the court placed the child at “restrictiveness level eight.”
On March 26, 1991 [1] R.L. filed a petition *863 in this court claiming that he had been held in secure detention awaiting placement in excess of the time period permitted in section 39.044(11), Florida Statutes (Supp.1990).[2] This section replaced section 959.-12, Florida Statutes (1989), which required removal from detention to placement within five days. R.P. v. State, 550 So.2d 543 (Fla. 5th DCA 1989); B.E.O. v. State, 544 So.2d 1175 (Fla. 5th DCA 1989). Under the current statute, in addition to the five day period in secure detention, section 39.-044(11) allows HRS to transfer a child from secure detention to nonsecure or home detention for up to fifteen days from the date of commitment.
Since the petition made out a prima fa-cie case of illegal restraint, this court ordered a response. HRS filed a response merely asserting R.L.’s petition should be denied because, on March 29, 1991, R.L. had been transferred from secure detention to home detention pending placement in an appropriate commitment program. This response was legally insufficient. See A.O. v. Chinault, 571 So.2d 43 (Fla. 2d DCA 1990). We ordered a further response which has yielded the argument that section 39.044(11), Florida Statutes, allows unlimited home detention and that the fifteen day limitation contained in the statute merely refers to the amount of time HRS has to transfer the child to this unlimited home detention.[3] HRS asserts further that even though the five day secure detention time limit was exceeded[4] and the fifteen day transfer time limit was exceeded, because the child is now in (unlimited) home detention, the child is presently under no unlawful restraints on his liberty and the petition should be denied. We do not agree. All applicable time limits set by the legislature for detention under section 39.-044(11) have been exceeded. Under section 39.044(11), the transfer to home detention must take place after five days and may not exceed fifteen days after commitment, excluding Saturdays, Sundays and legal holidays. Cf. In the Interest of M.C., 567 So.2d 1038 (Fla. 4th DCA 1990). Although this young man’s offenses were serious, if there is no placement available to HRS,[5] he cannot be held in detention beyond the statutory maximum. We must grant the writ and order R.L. released from detention pending dispositional placement.
WRIT ISSUED.
COBB and PETERSON, JJ., concur.

. R.L., through counsel, earlier sought relief from the trial court by filing an emergency *863 motion to release but this motion was dehied for an unexplained "lack of jurisdiction.”

.Section 39.044(11), Florida Statutes (Supp. 1990) provides:
When a child is committed to the department awaiting dispositional placement, removal of the child from detention care shall occur within 5 days, excluding Saturdays, Sundays, and legal holidays. A child placed into secure detention care and committed to the department who is awaiting dispositional placement in a commitment program shall be transferred by the department into nonsecure or home detention care if placement does not occur within 5 days after commitment, excluding Saturdays, Sundays, and legal holidays. If the child is committed to a residential program, the department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care or transfer to nonsecure or home detention care shall not exceed 15 days after commitment, excluding Saturdays, Sundays, and legal holidays.

. Based on HRS’ argument, the amount of time a child could be held in nonsecure detention would also be unlimited.

. R.L. was held in secure detention for thirty days, excluding Saturdays, Sundays and legal holidays. See § 683.01, Fla.Stat.

. We are advised that no placement will be available for months.